SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

**www.skadden.com**

DIRECT DIAL
(212) 735-7852
DIRECT FAX
(917) 777-7852
EMAIL ADDRESS
SCOTT.MUSOFF@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

March 29, 2024

**BY ECF**

Honorable Michael E. Farbiarz
United States District Judge
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

RE:     *Wu v. GSX Techedu Inc.*, 20-cv-4457 (MEF) (JRA)

Dear Judge Farbiarz:

On behalf of Defendant GSX Techedu Inc. ("GSX"), we respectfully write in response to Plaintiffs' submission of *Handal v. Tenet Fintech Group Inc.*, No. 21-CV-6461 (PKC) (RER), 2023 WL 6214109 (E.D.N.Y. Sept. 25, 2023) ("*Tenet*"), an out-of-Circuit decision from last September. (ECF No. 110.) As demonstrated below, *Tenet* is inapposite here and does not save Plaintiffs' claims from dismissal.

In *Tenet*, the court granted in part and denied in part a motion to dismiss a putative securities class action alleging defendants made false statements about three corporate transactions. *Id.* at *2. The court sustained the Securities Act claims but dismissed the Exchange Act claims because plaintiffs failed to allege scienter for certain misstatements and reliance for the rest. Contrary to Plaintiffs' claim, *Tenet* did not "rule[] that a statement falsely denying specific allegations in a report by a short seller suffices to establish scienter." (ECF No. 110 at 1.) In fact, the court held that plaintiffs ***failed*** to allege scienter for the misstatements allegedly revealed by the short seller report. *Tenet*, 2023 WL 6214109 at *17 n.18. The court then ruled that plaintiffs adequately pled that additional alleged misstatements made by Tenet's CEO ***one day after*** the short seller report were reckless because he did not first "verify the accuracy" of the short seller's contrary information. *Id.* at *17.

Hon. Michael E. Farbiarz
March 29, 2024
Page 2

No such facts are alleged here. Defendants did not address the short seller attacks until April 2020 (SAC ¶ 253), two months after the first such attack in February 2020 (*id.* ¶ 193). Moreover, Defendants' denials "were not unqualified or 'unhedged.'" (MTD Decision, ECF No. 95 at 25.) Rather, as Judge Salas explained, Defendants "included specific reasons why they believed the alleged fraudulent conduct was not happening—for example, they indicated that GSX had reviewed the findings of the short-seller reports and found deficiencies in the data relied upon in the reports, and . . . had conducted an independent investigation into the reports' allegations." (*Id.* at 25-26.) Plaintiffs fail—then and now—to allege "particularized circumstantial evidence that the Individual Defendants knew or should have known that those direct denials were false." (*Id.* at 26.) Thus, as Judge Salas held, "Defendants' direct denials of the alleged fraudulent scheme do not independently support an inference of scienter." Nothing in *Tenet* conflicts with that holding, which remains squarely applicable to the Second Amended Complaint.

In any event, *Tenet* is an outlier. Since *Tenet* was decided last September, courts around the country continue to dismiss securities cases based on short seller attacks. These decisions reaffirm recurring themes—short seller reports are insufficient to allege falsity and scienter and rarely constitute corrective disclosures:

- In *Victor J. Ng v. Berkeley Lights Inc.*, No. 21-CV-09497-HSG, 2024 WL 695699 (N.D. Cal. Feb. 20, 2024) (enclosed as Ex. A), the court concluded plaintiffs failed to sufficiently allege the short seller report supported the allegations of falsity, "[g]iven [the short seller's] obvious self-interest in BLI's stock price declining and the lack of sufficient indicia plausibly demonstrating the report's reliability." *Id.* at *10. The court also held plaintiffs failed to plead a "'strong inference' of direct scienter" where the short seller report's allegations "[did] not shed light on when the interviewed customers made their statements, nor [did] they indicate over what period of time the interviewed former employees worked at BLI or to what extent they interacted with BLI technology." *Id.* at *13.

- In *Lanigan Grp., Inc. v. Li-Cycle Holdings Corp.,* No. 22CV02222HGRML, 2023 WL 6541884 (E.D.N.Y. Oct. 6, 2023) (enclosed as Ex. B), the court dismissed securities claims that, like those here, relied on allegations in a short seller report of misleading accounting practices. *Id.* at *12. The court concluded "[p]laintiff's failure to identify any undisclosed information revealed as a result of the [short seller report] is fatal to its claim." *Id.* at *9.

- In *Leacock v. IonQ, Inc.,* No. CV DLB-22-1306, 2023 WL 6308045 (D. Md. Sept. 28, 2023) (enclosed as Ex. C), plaintiffs failed to plead loss causation based on a short seller report because it was "implausible that investors believed 'the relevant truth' was leaked by an anonymous short-seller report that 'cannot and does not provide any representations or warranties with respect to [its] accuracy,'" warns the information "may be outdated," "relies almost exclusively on anonymous sources," and "whose author 'stands to realize significant gains'" from a price decline. *Id.* at *23. The court also held plaintiffs "did not raise a strong inference of scienter" where they merely

Hon. Michael E. Farbiarz
March 29, 2024
Page 3

               pointed to the short seller report's "vague allegation of an ambiguous conversation." *Id.* at \*26.

       The reasoning of these decisions applies with equal force here and further supports granting Defendants' Motion to Dismiss the Second Amended Complaint.  (*See* ECF No. 105, at 16-17 (scienter), 19-21 (loss causation), 28-33 (falsity); *see* ECF No. 109, at 4 (scienter), 6 (loss causation), 9 (falsity).)

                         Respectfully submitted,

                         */s/ Scott D. Musoff*

                         Scott D. Musoff

Encls.

cc: All Counsel of Record (via ECF)