## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
YANG RENBIN, ROBERT ANGELINE,                             :    2:20-cv-04457 (MEF) (JRA)
COREY HAYS, AND ALEXANDRE TAZI,                           :
Individually and On Behalf of All Others                  :    **ECF Case**
Similarly Situated,                                       :    **Electronically Filed**
                                                          :
                            Plaintiffs,                   :
                                                          :
v.                                                        :
                                                          :
                                                          :
GSX TECHEDU INC., LARRY XIANGDONG                         :
CHEN, NAN SHEN, XIN FAN, YIMING HU,                       :
MING LIAO, CREDIT SUISSE SECURITIES                       :
(USA) LLC, DEUTSCHE BANK SECURITIES,                      :
INC., BARCLAYS CAPITAL, INC., BOFA                        :
SECURITIES, INC., CLSA LIMITED, AND                       :
GOLDMAN SACHS (ASIA) L.L.C.,                              :
                                                          :
                            Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' ANSWER TO PLAINTIFFS'
## SECOND AMENDED CLASS ACTION COMPLAINT
## <u>FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW</u>

Defendants GSX Techedu Inc., Larry Chen and Nan Shen (collectively "Defendants"), by their undersigned counsel, respectfully submit this answer to the second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). Defendants deny all of the Complaint's allegations unless expressly admitted herein. The first two non-numbered paragraphs of the Complaint reflect Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendants deny those allegations.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third non-numbered paragraph of the Complaint.  To the extent any headings in the Complaint contain any factual allegations or legal conclusions, Defendants deny those allegations or legal conclusions.  Defendants answer the allegations contained in the like-numbered paragraphs of the Complaint as follows:

## I.    INTRODUCTION

1.    Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiffs purport to bring this action against GSX ("GSX" or the "Company") and two of its senior executives.  Defendants deny that they have violated any law or that Plaintiffs have suffered any damages.

2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that GSX is a Chinese company and, at the time of GSX's IPO, the Company offered online education classes to students in grades K-12 through an online live large-class format.[1]

3.    Defendants deny the allegations contained in Paragraph 3 of the Complaint.

---

[1]    This Complaint refers to GSX's Class Period activities in the present tense.  After the Class Period, the PRC government issued new rules curtailing the for-profit K-12 education industry.  GSX (now renamed Gaotu Techedu Inc.) currently earns most of its revenues from adult education.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint, except state that Defendant Shen has served as GSX's CFO since December 2018, and in that position, Shen's responsibilities include generally overseeing the Company's business performance and financial reporting.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint and refer to data published by the New York Stock Exchange during the Class Period regarding GSX's share price and market capitalization.  Defendants deny any paraphrasing, summarizing or characterization of this data and any factual inferences or legal conclusions made by Plaintiffs based on it.

## II.    JURISDICTION AND VENUE

9.      The allegations contained in Paragraph 9 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations, but state that the Complaint purports to assert

claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the SEC.

10. The allegations contained in Paragraph 10 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, but admit that the Court has jurisdiction over this action pursuant to the referenced statutes.

11. The allegations contained in Paragraph 11 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations, but admit that Plaintiffs allege certain acts and conduct taking place in this District.

12. The allegations contained in Paragraph 12 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny such allegations.

### III.  PARTIES

**A.    Plaintiffs**

**1.    Lead Plaintiff Yang Renbin**

13. Defendants deny that Lead Plaintiff Yang Renbin has suffered any damages. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint.

### 2.    Additional Plaintiff Robert Angeline

14.    Defendants deny that the named Plaintiff Robert Angeline has suffered any damages.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

### 3.    Additional Plaintiff Corey Hays

15.    Defendants deny that the named Plaintiff Corey Hays has suffered any damages.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint.

### 4.    Additional Plaintiff Alexandre Tazi

16.    Defendants deny that the named Plaintiff Alexandre Tazi has suffered any damages.  Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint.

### B.    Defendants

### 1.    GSX Techedu, Inc. ("GSX," "GSX Techedu" or the "Company")

17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint, except state that GSX is incorporated in the Cayman Islands and that GSX's ADSs trade on the NYSE under the ticker "GSX."  Defendants further state

that GSX's principal executive offices were located at the address mentioned in Paragraph 17 of the Complaint at the time of the Company's IPO and during the Class Period, but were later moved to a different address in Beijing, China as noted in GSX's Annual Report for the year ended December 31, 2021, and in subsequent SEC filings.  Defendants refer to the Registration Statement, Annual Reports and other SEC filings for their complete and accurate contents.

18.    The allegations contained in Paragraph 18 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny such allegations.

## 2.    Individual Defendants

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that Larry Xiangdong Chen ("Chen") founded GSX and has served as GSX's Chairman and Chief Executive Officer since August 2014. Before founding GSX in 2014, Chen served as the Executive President of New Oriental Education & Technology Group.  Chen primarily works out of GSX's principal offices in Beijing.

20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint, except admit that Shannon Nan Shen ("Shen") has served as GSX's Chief Financial Officer since December 2018, and that before joining GSX, Shen

held positions at China SinoEdu Co., Ltd. and PricewaterhouseCoopers. Shen primarily works out of GSX's principal offices in Beijing.

21.    Paragraph 21 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendants deny those allegations.

22.    The allegations contained in Paragraph 22 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

23.    Paragraph 23 of the Complaint reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendants deny those allegations.

## IV.  SUBSTANTIVE ALLEGATIONS

### A.    Company Background

#### 1.    Company Operations

24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint, and refer to GSX's Registration Statement, Annual Reports and other SEC filings for their complete and accurate contents about GSX's business. Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint, and refer to GSX's Registration Statement, Annual Reports and other

SEC filings for their complete and accurate contents about GSX's business. Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

26.    Defendants deny the allegations contained in Paragraph 26 of the Complaint, except admit that until the end of fiscal year 2020, GSX operated "Weishi."  Defendants refer to GSX's Registration Statement, Annual Reports and other SEC filings for their complete and accurate contents about GSX's business and the "Weishi" learning platform.  Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

## 2.    GSX's Revenue Is Based Primarily on Its K-12 Student Enrollments

27.    Defendants deny the allegations contained in Paragraph 27 of the Complaint, and refer to GSX's Registration Statement, Annual Reports and other SEC filings for their complete and accurate contents about GSX's business and source of revenues.    Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint, and refer to GSX's Registration Statement, Annual Reports and other SEC filings for their complete and accurate contents about GSX's business and

source of revenues. Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint, and refer to GSX's Annual Reports for the fiscal years 2019 and 2020 for their complete and accurate contents about GSX's revenues during that period. Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint, except state that GSX held a Q1 2020 earnings call on May 6, 2020 with investors ("Q1 2020 Earnings Call"). Defendants refer to the Q1 2020 Earnings Call for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Q1 2020 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint, and refer to GSX's Registration Statement, Annual Reports and other SEC filings for their complete and accurate contents about GSX's revenues. Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

**B.    The Company Has Repeatedly Falsified More than 70% of Its K-12 Student Enrollment and More Than Half of Its Revenues**

    **1.    Expert Analysis of Anomalies in the Company's Course Login Data Shows that 70% of the Company's Students Are "Bots"**

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint with respect to Dr. Knoblock's qualification and experience.   Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint with respect to Plaintiffs' engagement of Dr. Knoblock.  Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint with respect to the purported data analysis conducted by Dr. Knoblock.  Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint with

respect to Muddy Waters' purported methodology and Dr. Knoblock's opinions. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint with respect to Muddy Waters' purported methodology and Dr. Knoblock's opinions. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint with respect to Muddy Waters' purported methodology.  Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint with respect to Muddy Waters' purported methodology.  Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint with respect to Muddy Waters' purported methodology.  Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint with

respect to Muddy Waters' purported methodology.  Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

> ### a.    "Same-Second, Different-Week" Joiners

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint with respect to Muddy Waters' purported methodology and Dr. Knoblock's opinions. Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint with respect to Muddy Waters' purported methodology.  Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

> ### b.    Student-with-Teacher-IP Joiners

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint.

c.    **Burst Joiners**

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint with respect to Muddy Waters' purported methodology.  Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint with respect to Dr. Knoblock's opinions.   Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint with

respect to Muddy Waters' purported methodology and Dr. Knoblock's opinions. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint with respect to Dr. Knoblock's opinions.   Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint and refer to GSX's May 19, 2020 News Release for its complete contents.   Defendants deny any paraphrasing, summarizing or characterization of this News Release and any factual inferences or legal conclusions made by Plaintiffs based on it.

### d.    Early Joiners

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint with respect to Dr. Knoblock's opinions.   Defendants deny the remaining allegations contained in Paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in Paragraph 59 of the Complaint.

### e.    Combined, These Analyses Show that at least 70% or More of the Companies' Users Are Bots

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint with respect to Muddy Waters' purported findings.    Defendants deny the remaining allegations contained in Paragraph 60 of the Complaint.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint with respect to Dr. Knoblock's opinions.    Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

### 2.    Multiple Confidential Witnesses [2] Confirm in Detail that GSX Techedu's Customer Base is Grossly Inflated by Its Use of Bots and Other Methods to Falsify Student Enrollments

### a.    CW-1

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-1 contained in Paragraph 63 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 63 of the Complaint.

---

[2]    To protect their anonymity, all Confidential Witnesses are given feminine pronouns.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-1 contained in Paragraph 64 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 64 of the Complaint.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-1 contained in Paragraph 65 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-1 contained in Paragraph 66 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

**b.     CW-2**

67.     Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 67 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 67 of the Complaint.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 68 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 69 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 69 of the Complaint.    Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 70 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 70 of the Complaint.

71.     Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 71 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements

of CW-2 contained in Paragraph 71 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

72. Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 72 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 72 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73. Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 73 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 73 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 73 of the Complaint.

74. Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 74 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 74 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

### c.    CW-3

75.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-3 contained in Paragraph 75 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 75 of the Complaint.

76.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-3 contained in Paragraph 76 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 76 of the Complaint, and note that the Court's Opinion and Order dated June 25, 2024 holds that CW-3's allegation that her employer's work "accounted for approximately 40% of all enrollments in GSX's K-12 courses" leaves the Court "to speculate whether" such information was obtained "by firsthand knowledge or rumor," and thus must be "afford[ed] . . . less weight." (ECF No. 112 at 19.)

77.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-3 contained in

Paragraph 77 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 77 of the Complaint.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-3 contained in Paragraph 78 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 78 of the Complaint.

### d.    CW-5

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 79 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 79 of the Complaint.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 80 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 80 of the Complaint.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 81 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 82 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 83 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 83 of the Complaint.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 84 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 84 of the Complaint, including any paraphrasing, summarizing, translation, or characterization of the messages referenced in Paragraph 84 of the Complaint, and any factual inferences or legal conclusions made by Plaintiffs based on them.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 85 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 85 of the Complaint, including any paraphrasing, summarizing, translation, or characterization of the messages referenced in

Paragraph 85 of the Complaint, and any factual inferences or legal conclusions made by Plaintiffs based on them.

86.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 86 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 86 of the Complaint, including any paraphrasing, summarizing, translation, or characterization of the messages referenced in Paragraph 86 of the Complaint, and any factual inferences or legal conclusions made by Plaintiffs based on them.

87.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 87 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 87 of the Complaint.

88.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 88 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 88 of the Complaint, including any paraphrasing, summarizing, translation, or characterization of CW-5's statements, and any factual inferences or legal conclusions made by Plaintiffs based on them.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-5 contained in Paragraph 89 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 89 of the Complaint.

### e.    CW-6

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-6 contained in Paragraph 90 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-6 contained in Paragraph 91 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 91 of the Complaint.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-6 contained in Paragraph 92 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 92 of the Complaint.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-6 contained in

Paragraph 93 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 93 of the Complaint.

### f.    CW-7

94.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-7 contained in Paragraph 94 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 94 of the Complaint.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-7 contained in Paragraph 95 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 95 of the Complaint.

### 3.    A Study by Citron Research Further Confirms GSX Falsified the Majority of Its Revenues

96.    Defendants deny the allegations contained in Paragraph 96 of the Complaint and refer to the report published by Citron Research on April 14, 2020 ("Citron Research Report") for its complete contents. Defendants deny the contents of the Citron Research Report, and deny any paraphrasing, summarizing or characterization of the Citron Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

97.    Defendants deny the allegations contained in Paragraph 97 of the Complaint and refer to the Citron Research Report for its complete contents.

Defendants deny the contents of the Citron Research Report, and deny any paraphrasing, summarizing or characterization of the Citron Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

98.    Defendants deny the allegations contained in Paragraph 98 of the Complaint and refer to the Citron Research Report for its complete contents. Defendants deny the contents of the Citron Research Report, and deny any paraphrasing, summarizing or characterization of the Citron Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

99.    Defendants deny the allegations contained in Paragraph 99 of the Complaint and refer to the Citron Research Report for its complete contents. Defendants deny the contents of the Citron Research Report, and deny any paraphrasing, summarizing or characterization of the Citron Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint and refer to the Citron Research Report for its complete contents. Defendants deny the contents of the Citron Research Report, and deny any paraphrasing, summarizing or characterization of the Citron Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

**4.      Preserved Public Job Postings Show that the Company Hired Employees for Brushing**

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint and refer to the job posting referenced for its complete contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of the job posting, and any factual inferences or legal conclusions made by Plaintiffs based on it.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint and refer to the job posting referenced for its complete contents. Defendants deny any paraphrasing, translating, summarizing, translation, or characterization of the job posting, and any factual inferences or legal conclusions made by Plaintiffs based on it.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint and refer to the job posting referenced for its complete contents. Defendants deny any paraphrasing, translating, summarizing, translation, or characterization of the job posting, and any factual inferences or legal conclusions made by Plaintiffs based on it.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint. Defendants otherwise deny the other allegations contained in Paragraph 104 of the Complaint.

105.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and refer to the referenced TaiChi website for its complete contents.  Defendants deny any paraphrasing, summarizing, translation, or characterization of the website, and any factual inferences or legal conclusions made by Plaintiffs based on it. Defendants otherwise deny the other allegations contained in Paragraph 105 of the Complaint.

106.   Defendants deny the allegations contained in Paragraph 106 of the Complaint and refer to the job posting referenced for its complete contents. Defendants deny any paraphrasing, translating, summarizing, translation, or characterization of the job posting, including in footnote 6 of Paragraph 106, and any factual inferences or legal conclusions made by Plaintiffs based on it.

107.   Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.   Defendants deny the allegations contained in Paragraph 108 of the Complaint.

**5.    Bot Activity Permeates GSX's Alleged Business**

**a.    Individual Employees Controlled Up to One Thousand Bots**

109.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-1 contained in

Paragraph 109 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 109 of the Complaint.

110. Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 110 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 110 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 110 of the Complaint.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-1 contained in Paragraph 111 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint and refer to the reviews referenced for their complete contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of the reviews, and any factual inferences or legal conclusions made by Plaintiffs based on them.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint and refer to the reviews referenced for their complete contents.

Defendants deny any paraphrasing, summarizing, translation, or characterization of the reviews, and any factual inferences or legal conclusions made by Plaintiffs based on them.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint and refer to the reviews referenced for their complete contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of the reviews, and any factual inferences or legal conclusions made by Plaintiffs based on them.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint and refer to the reviews referenced for their complete contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of the reviews, and any factual inferences or legal conclusions made by Plaintiffs based on them.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint and refer to the reviews referenced for their complete contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of the reviews, and any factual inferences or legal conclusions made by Plaintiffs based on them.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

**b.** **Nearly 60% of GSX's Elementary-Level Courses Are Duplicates and Attended by Bots**

118.  Defendants deny the allegations contained in Paragraph 118 of the Complaint, and refer to GSX's Registration Statement, Annual Reports and other SEC filings for their complete and accurate contents about GSX's course offerings. Defendants deny any paraphrasing, summarizing or characterization of those filings, and any factual inferences or legal conclusions made by Plaintiffs based on them.

119.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint.

120.  Defendants deny the allegations contained in Paragraph 120 of the Complaint.

**c.** **Perfectly Linear Enrollment Growth Shows the Majority of GSX's User Accounts Were Created by Bots**

121.  Defendants deny the allegations contained in Paragraph 121 of the Complaint, except admit that Genshuixue is a brand through which GSX markets its online K-12 courses.  Defendants refer to GSX's Q2 2020 Form 6-K and other SEC filings for their complete and accurate contents about GSX's paid enrollments.

122.  Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.  Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.   Defendants deny the allegations contained in Paragraph 124 of the Complaint.

      **d.**      **Attempting to Avoid Detection of its Thousands of Bots, GSX Programs Each Bot with One of Three Distinct "Flavors or "Personalities"**

125.   Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.   Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.   Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.   Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.   Defendants deny the allegations contained in Paragraph 129 of the Complaint.

      **6.**      **GSX Techedu's Growth Compared to Competitors' Cannot Be Explained by Competitive Advantage or Any Other Legitimate Reason**

      **a.**      **Analysis of Historical Company Growth Shows That GSX Would Be Increasing in Value at A Rate Comparable Only to Google in The Early 2000s at the Onset of Intent Searches**

130.   Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.   Defendants deny the allegations contained in Paragraph 131 of the Complaint and refer to the October 12, 2020 Wall Street Journal article for its complete contents.   Defendants deny any paraphrasing, summarizing or characterization of the cited Wall Street Journal Article and any factual inferences or legal conclusions made by Plaintiffs based on it.

132.   Defendants deny the allegations in Paragraph 132 of the Complaint and refer to the August 11, 2020 Kenneth Rapoza article ("Kenneth Rapoza Article") for its complete contents.   Defendants deny any paraphrasing, summarizing or characterization of the Kenneth Rapoza Article and any factual inferences or legal conclusions made by Plaintiffs based on it.

133.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint with respect to the financials of GSX's "rivals."   Defendants deny the remaining allegations in Paragraph 134 of the Complaint.

135.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint with respect to the financials of GSX's "rivals."   Defendants deny the remaining allegations in Paragraph 135 of the Complaint.

136.   Defendants deny the allegations contained in Paragraph 136 of the Complaint, and refer to GSX's Registration Statement and Annual Reports for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those filings, and any factual inferences or legal conclusions made by Plaintiffs based on them.

137.   Defendants deny the allegations contained in Paragraph 137 of the Complaint, and refer to GSX's Registration Statement and Annual Reports for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

138.   Defendants deny the allegations contained in Paragraph 138 of the Complaint, and refer to GSX's Registration Statement and Annual Reports for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those filings, and any factual inferences or legal conclusions made by Plaintiffs based on them.

139.   Defendants deny the allegations contained in Paragraph 139 of the Complaint.

**b.    GSX Does Not Have a Superior Product**

140.   Defendants deny the allegations in Paragraph 140 of the Complaint and refer to the January 15, 2020 UBS Analyst Report ("UBS Analyst Report") for its

complete contents.    Defendants deny any paraphrasing, summarizing or characterization of the UBS Analyst Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

<b>c.    GSX Does Not Have Superior Teachers</b>

141.   Defendants deny the allegations contained in Paragraph 141 of the Complaint, and refer to GSX's Amended Registration Statement and its August 22, 2019 Earnings Call for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those filings, and any factual inferences or legal conclusions made by Plaintiffs based on them.

142.   Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-6 and CW-7 contained in Paragraph 143 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 143 of the Complaint.

144.   Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.   Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.   Defendants deny the allegations contained in Paragraph 146 of the Complaint, except admit that on August 6, 2018, the Chinese Ministry of Education promulgated its *Opinion on Regulating After-School Training Institutions* ("Opinion 80").   Defendants refer to Opinion 80 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of Opinion 80, and any factual inferences or legal conclusions made by Plaintiffs based on them.

147.   Defendants refer to Opinion 80 for its complete and accurate contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of Opinion 80, and any factual inferences or legal conclusions made by Plaintiffs based on them.

148.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-6 and CW-7 contained in Paragraph 148 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 148 of the Complaint.

### d.    Data Show GSX Has Fewer Teachers than Competitors

149.   Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 relying on LinkedIn data.

Defendants refer to the referenced August 8, 2020 New Oriental public statement, May 26, 2020 TAL public statement, and September 2, 2020 GSX public statement for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of such LinkedIn data or public statements, and any factual inferences or legal conclusions made by Plaintiffs based on them. Defendants deny the remaining allegations contained in Paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint, and refer to the LinkedIn data referenced for its complete contents. Defendants deny any paraphrasing, summarizing, or characterization of the LinkedIn data and any factual inferences or legal conclusions made by Plaintiffs based on it.

152. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 relying on LinkedIn data. Defendants deny the allegations contained in Paragraph 152 of the Complaint, and refer to the LinkedIn data referenced for its complete contents. Defendants deny any paraphrasing, summarizing, or characterization of the LinkedIn data and any factual inferences or legal conclusions made by Plaintiffs based on it.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 relying on LinkedIn data.

Defendants deny the allegations contained in Paragraph 153 of the Complaint, and refer to the LinkedIn data referenced for its complete contents. Defendants deny any paraphrasing, summarizing, or characterization of the LinkedIn data and any factual inferences or legal conclusions made by Plaintiffs based on it.

154.   Defendants lack knowledge or information sufficient to form a belief as the to the truth of the remaining allegations contained in Paragraph 154 relying on LinkedIn data. Defendants deny the allegations contained in Paragraph 154 of the Complaint, and refer to the LinkedIn data referenced for its complete contents. Defendants deny any paraphrasing, summarizing, or characterization of the LinkedIn data and any factual inferences or legal conclusions made by Plaintiffs based on it.

155.   Defendants deny the allegations contained in Paragraph 155 of the Complaint, and refer to the LinkedIn data referenced for its complete contents. Defendants deny any paraphrasing, summarizing, or characterization of the LinkedIn data, and any factual inferences or legal conclusions made by Plaintiffs based on it.

156.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 relying on MaiMai data, and refer to the MaiMai data referenced for its complete contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of the MaiMai data,

and any factual inferences or legal conclusions made by Plaintiffs based on it. Defendants deny the remaining allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

> **7.  Data Show that GSX Techedu's Education Services Are Not Used or Recognized in Line with the Company's Representations about Its User Base and Revenue**
>
> **a.  GSX Is Absent from Reports of Major Players in the Education Industry in China**

158. Defendants deny any paraphrasing, summarizing, translation, or characterization of Opinion 80, and any factual inferences or legal conclusions made by Plaintiffs based on it. Defendants deny the remaining allegation contained in Paragraph 158.

159. Defendants refer to the *Opinion on Guiding and Regulating the Orderly and Healthy Development of Educational Mobile Internet Applications* ("Opinion 55") for its full and accurate contents. Defendants deny any paraphrasing, summarizing, translation, or characterization of Opinion 55, and any factual inferences or legal conclusions made by Plaintiffs based on it.

160. Defendants deny the allegations contained in Paragraph 160 of the Complaint, except admit that China's State Administration for Market Regulation

("SAMR") conducts surveys and publishes results of those surveys through media outlets such as China Consumer News and the Guangming Daily News.

161.   Defendants refer to March 27, 2020 China Consumer News Report for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing, translation, or characterization of this Report referenced in Paragraph 161, and any factual inferences or legal conclusions made by Plaintiffs based on them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the methodology or dissemination of the referenced survey or surveys, and deny the remaining allegations contained in Paragraph 161.

### b.    Survey Data Show that GSX Is Not Widely Used

162.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 regarding the beliefs, motivations, opinions, or practices of Chinese parents with respect to education and the Chinese education technology industry.   Defendants deny the remaining allegations contained in Paragraph 162 of the Complaint and refer to the various reports and surveys referenced for their complete contents, and deny any paraphrasing, summarizing, translation, or characterization of the reports and surveys, and any factual inferences or legal conclusions made by Plaintiffs based on them.

163.   Defendants deny the allegations contained in Paragraph 163 of the Complaint and refer to the referenced May 25, 2020 JL Warren Capital Report and related surveys for their complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the Report or surveys, and any factual inferences or legal conclusions made by Plaintiffs based on it or them.

164.   Defendants deny the allegations contained in Paragraph 164 of the Complaint and refer to the referenced December 2020 JL Warren Capital Report and survey for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the survey, and any factual inferences or legal conclusions made by Plaintiffs based on it.

### c.    Web Analytics Show that GSX Is Not Widely Used

165.   Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.   Defendants deny the allegations contained in Paragraph 166 of the Complaint and refer to the Alexa data referenced for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of the Alexa data, and any factual inferences or legal conclusions made by Plaintiffs based on it.

167.   Defendants deny the allegations contained in Paragraph 167 of the Complaint and refer to the Rank2Traffic data referenced for its complete contents. Defendants deny any paraphrasing, summarizing or characterization of the

Rank2Traffic data, and any factual inferences or legal conclusions made by Plaintiffs based on it.

168.   Defendants deny the allegations contained in Paragraph 168 of the Complaint and refer to the April 9, 2020 Investor Conference Call and Qimai data referenced in Paragraph 168 for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing, or characterization of the April 9, 2020 Investor Conference Call or Qimai data, and any factual inferences or legal conclusions made by Plaintiffs based on them.

169.   Defendants deny the allegations contained in Paragraph 169 of the Complaint and refer to the referenced August 9, 2020 Sylvan Research Report ("Sylvan Research Report") for its complete contents.  Defendants deny the contents of the Sylvan Research Report and deny any paraphrasing, summarizing or characterization of the Report and surveys, and any factual inferences or legal conclusions made by Plaintiffs based on it or them.

170.   Defendants deny the allegations contained in Paragraph 170 of the Complaint and refer to the April 9, 2020 Investor Conference Call for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing, or characterization of the April 9, 2020 Investor Conference Call and any factual inferences or legal conclusions made by Plaintiffs based on them.

171.   Defendants deny the allegations contained in Paragraph 171 of the Complaint and refer to the February 12, 2020 QuestMobile report for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the QuestMobile report and any factual inferences or legal conclusions made by Plaintiffs based on it.

172.   Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.   Defendants deny the allegations contained in Paragraph 173 of the Complaint.

**8.    GSX Overstated the Number of Teachers It Employed**

174.   Defendants deny the allegations contained in Paragraph 174 of the Complaint, and refer to GSX's Form 20-F for the year ended December 31, 2019 ("FY 2019 Form 20-F"), filed on April 3, 2020, its Form 20-F for the year ended December 31, 2020 ("FY 2020 Form 20-F"), filed on April 25, 2021 for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on them.

175.   Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.   Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.   Defendants deny the allegations contained in Paragraph 177 of the Complaint and refer to the Deloitte Watch Report published on March 1, 2021 for its complete contents.  Defendants deny the contents of the Deloitte Watch report and deny any paraphrasing, summarizing or characterization of the Deloitte Watch Report published on March 1, 2021 and any factual inferences or legal conclusions made by Plaintiffs based on it.

178.   Defendants deny the allegations contained in Paragraph 178 of the Complaint and refer to the 21st Century Business Herald article published on February 23, 2021 referenced for its complete contents.   Defendants deny the contents of the 21st Century Business Herald article and deny any paraphrasing, summarizing, translation, or characterization of the 21st Century Business Herald article and any factual inferences or legal conclusions made by Plaintiffs based on it.

179.   Defendants deny the allegations contained in Paragraph 179 of the Complaint and refer to the April 11, 2021 Deloitte Watch Report for its complete contents.  Defendants deny the contents of the April 11, 2021 Deloitte Watch Report and any paraphrasing, summarizing or characterization, and any factual inferences or legal conclusions made by Plaintiffs based on it.

180.   Defendants deny the allegations contained in Paragraph 180 of the Complaint and refer to the February 10, 2021 Deloitte Watch Report for its complete contents.  Defendants deny the contents of the February 10, 2021 Deloitte Watch Report and any paraphrasing, summarizing or characterization, and any factual inferences or legal conclusions made by Plaintiffs based on it.

181.   Defendants deny the allegations contained in Paragraph 181 of the Complaint.

**9.    GSX Recognized Money Paid to Brushers to Purchase Enrollments as Marketing and Sales Expenses, Recognized the Enrollment Fees as Revenue, and So Concealed that the Company's Revenues Were Mostly Fake**

182.   Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183.   Defendants repeat and incorporate their responses to each and every allegation in Section IV(B)(2) as if fully set forth herein, and deny the allegations contained in Paragraph 183 of the Complaint.

184.   Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 184 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements

of CW-2 contained in Paragraph 184 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 184 of the Complaint.

185. Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 185 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 185 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 185 of the Complaint.

186. Defendants submit that the allegations regarding the statements of CW-2 contained in Paragraph 186 were dismissed by the Court's Opinion and Order dated June 25, 2024 (ECF No. 112 at 20 n.20), and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-2 contained in Paragraph 186 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 186 of the Complaint.

187. Defendants deny the allegations contained in Paragraph 187 of the Complaint and refer to the April 25, 2020 JL Warren Capital report referenced for its complete contents. Defendants deny the contents of the report and deny any

paraphrasing, summarizing or characterization of the JL Warren Capital report and any factual inferences or legal conclusions made by Plaintiffs based on it.

188.    Defendants deny the allegations contained in Paragraph 188 of the Complaint and refer to the April 25, 2020 JL Warren Capital report referenced for its complete contents.  Defendants deny the contents of the report and deny any paraphrasing, summarizing or characterization of the JL Warren Capital report and any factual inferences or legal conclusions made by Plaintiffs based on it.

189.    Defendants deny the allegations contained in Paragraph 189 of the Complaint and refer to the April 30, 2020 Citron Research Report for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the Citron Research Report and any factual inferences or legal conclusions made by Plaintiffs based on it.

191.    Defendants deny the allegations contained in the first and second sentences of Paragraph 191 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as the to the truth of the remaining allegations in Paragraph 191 of the Complaint.[3]

192.    Defendants deny the allegations contained in Paragraph 192 of the Complaint and refer to the Q2 2019, Q3 2019, Q1 2020, Q2 2020, Q3 2020, and Q4

---

[3]    Defendants' Answer follows the non-consecutive paragraph numbering of Plaintiffs' Complaint.

2020 earnings calls for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the aforementioned earnings calls and any factual inferences or legal conclusions made by Plaintiffs based on them.

**C.    As Investors Began To Learn that GSX Techedu Massively Overstates Its User Base and Revenues, GSX Techedu's Share Price Fell**

193.    Defendants deny the allegations contained in Paragraph 193 of the Complaint, and refer to the various reports and disclosures referenced in Paragraph 193 of the Complaint and to the Company's publicly available share prices for their complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the reports or disclosures and any factual inferences or legal conclusions made by Plaintiffs based on them.  With the exception of the Company's September 2, 2020 disclosure, Defendants deny the contents of the third-party reports described in Paragraph 193.

194.    The allegations contained in Paragraph 194 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further deny that Plaintiffs have suffered any damages.

## V.    DEFENDANTS' FALSE AND MISLEADING STATEMENTS

### A.    Defendants' False and Misleading Statements in 2019

#### 1.    May 8, 2019: The Initial Public Offering Documents

195.    Defendants admit the allegations contained in Paragraph 195 of the Complaint.

196.    Defendants deny the allegations contained in Paragraph 196 of the Complaint and refer to the Amended Form F-1 Registration Statement filed on May 24, 2019 ("Amended Registration Statement") for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Amended Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on them.

197.    The allegations contained in Paragraph 197 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

198.    Defendants deny the allegations contained in Paragraph 198 of the Complaint and refer to the Amended Registration Statement for its complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of the Amended Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

199.   The allegations contained in Paragraph 199 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### 2.     August 22 and 23, 2019: 2Q2019 Earnings Results

200.   Defendants admit the allegations contained in the first sentence of Paragraph 200 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 200 of the Complaint and refer to the Form 6-K filed on August 23, 2019 ("Q2 2019 Form 6-K") for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Q2 2019 Form 6-K or the attached press release, and any factual inferences or legal conclusions made by Plaintiffs based on them.

201.   The allegations contained in Paragraph 201 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

202.   Defendants deny the allegations contained in Paragraph 202 of the Complaint and refer to the Q2 2019 Form 6-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Q2 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

203.   The allegations contained in Paragraph 203 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

204.   Defendants deny the allegations contained in Paragraph 204 of the Complaint and refer to the Q2 2019 Form 6-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Q2 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

205.   The allegations contained in Paragraph 205 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

206.   Defendants admit the allegations contained in the first sentence of Paragraph 206 of the Complaint.  Defendants deny the remaining allegations and refer to the Q2 2019 earnings call on August 22, 2019 ("Q2 2019 Earnings Call") for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Q2 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

207.   The allegations contained in Paragraph 207 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

208.  Defendants deny the allegations contained in Paragraph 208 of the Complaint and refer to the Q2 2019 Earnings Call for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q2 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

209.  The allegations contained in Paragraph 209 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

210.  Defendants deny the allegations contained in Paragraph 210 of the Complaint and refer to the Q2 2019 Earnings Call for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q2 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

211.  The allegations contained in Paragraph 211 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

**3.  November 5 and 7, 2019: 3Q2019 Earnings Results**

212.  Defendants admit the allegations contained in the first sentence of Paragraph 212 of the Complaint.  Defendants deny the remaining allegations and refer to the Form 6-K filed on November 7, 2019 ("Q3 2019 Form 6-K") for its

complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q3 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

213.   The allegations contained in Paragraph 213 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

214.   Defendants deny the allegations contained in Paragraph 214 of the Complaint and refer to the Q3 2019 Form 6-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Q3 2019 Form 6-K and any factual inferences or legal conclusions made by Plaintiffs based on it.

215.   The allegations contained in Paragraph 215 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

216.   Defendants deny the allegations contained in Paragraph 216 of the Complaint and refer to the Q3 2019 Form 6-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Q3 2019 Form 6-K and any factual inferences or legal conclusions made by Plaintiffs based on it.

217.   The allegations contained in Paragraph 217 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

218.   Defendants admit the first sentence of Paragraph 218 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 218 of the Complaint and refer to the Q3 2019 earnings call on November 5, 2019 ("Q3 2019 Earnings Call") for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q3 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

219.   The allegations contained in Paragraph 219 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

220.   Defendants deny the allegations contained in Paragraph 220 of the Complaint and refer to the Q3 2019 Earnings Call for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q3 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

221.   The allegations contained in Paragraph 221 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### 4.    November 18, 2019: The SPO

222.    Defendants deny the allegations contained in Paragraph 222 of the Complaint and refer to the Form F-1 Registration Statement filed on November 18, 2019 ("SPO Registration Statement") for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the SPO Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

223.    The allegations contained in Paragraph 223 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

224.    Defendants deny the allegations contained in Paragraph 224 of the Complaint and refer to the SPO Registration Statement for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the SPO Registration Statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

225.    The allegations contained in Paragraph 225 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

**B.    Defendants' False and Misleading Statements in 2020**

**1.    February 18 and 19, 2020: 4Q2019 Earnings Report**

226.    Defendants admit the allegations in the first sentence of Paragraph 226 of the Complaint.    Defendants deny the remaining allegations and refer to the February 19, 2020 Form 6-K ("Q4 and Fiscal Year 2019 Form 6-K") for its complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of the Q4 and Fiscal Year 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

227.    The allegations contained in Paragraph 227 of the Complaint state legal conclusions for which no response is required.    To the extent a response is required, Defendants deny the allegations.

228.    Defendants deny the allegations contained in Paragraph 228 of the Complaint and refer to the Q4 and Fiscal Year 2019 Form 6-K for its complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of the Q4 and Fiscal Year 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

229.    The allegations contained in Paragraph 229 of the Complaint state legal conclusions for which no response is required.    To the extent a response is required, Defendants deny the allegations.

230.   Defendants deny the allegations contained in Paragraph 230 of the Complaint and refer to the Q4 and Fiscal Year 2019 Form 6-K for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Q4 and Fiscal Year 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

231.   The allegations contained in Paragraph 231 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

232.   Defendants deny the allegations contained in Paragraph 232 of the Complaint and refer to the Q4 and Fiscal Year 2019 Form 6-K for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Q4 and Fiscal Year 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

233.   The allegations contained in Paragraph 233 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

234.   Defendants deny the allegations contained in Paragraph 234 of the Complaint and refer to the Q4 and Fiscal Year 2019 Form 6-K for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or

characterization of the Q4 and Fiscal Year 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

235.   The allegations contained in Paragraph 235 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

236.   Defendants deny the allegations contained in Paragraph 236 of the Complaint and refer to the Q4 and Fiscal Year 2019 Form 6-K for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Q4 and Fiscal Year 2019 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

237.   The allegations contained in Paragraph 237 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

238.   Defendants admit the allegations contained in Paragraph 238 of the Complaint.

239.   Defendants deny the allegations contained in Paragraph 239 of the Complaint and refer to the Q4 and Fiscal Year 2019 Earnings Call on February 18, 2020 ("Q4 and Fiscal Year 2019 Earnings Call") for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the

Q4 and Fiscal Year 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

240.   The allegations contained in Paragraph 240 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

241.   Defendants deny the allegations contained in Paragraph 241 of the Complaint and refer to the Q4 and Fiscal Year 2019 Earnings Call for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q4 and Fiscal Year 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

242.   The allegations contained in Paragraph 242 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

243.   Defendants deny the allegations contained in Paragraph 243 of the Complaint and refer to the Q4 and Fiscal Year 2019 Earnings Call for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q4 and Fiscal Year 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

244.   The allegations contained in Paragraph 244 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

245.   Defendants deny the allegations contained in Paragraph 245 of the Complaint and refer to the Q4 and Fiscal Year 2019 Earnings Call for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Q4 and Fiscal Year 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

246.   The allegations contained in Paragraph 246 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

**2.    April 3, 2020: 2020 Form 20-F**

247.   Defendants admit the allegations in the first and second sentences of Paragraph 247 of the Complaint.  Defendants deny the remaining allegations and refer to the April 3, 2020 20-F ("FY 2019 Form 20-F") for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the FY 2019 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

248.   The allegations contained in Paragraph 248 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

249.   Defendants deny the allegations contained in Paragraph 249 of the Complaint and refer to the FY 2019 Form 20-F for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the FY 2019 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

250.   The allegations contained in Paragraph 250 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

251.   Defendants deny the allegations contained in Paragraph 251 of the Complaint and refer to the FY 2019 Form 20-F for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the FY 2019 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

252.   The allegations contained in Paragraph 252 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### 3.      April 8, 2020: Statement by Chen

253.   Defendants deny the allegations contained in Paragraph 253 of the Complaint and refer to Defendant Chen's April 8, 2020 statement for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the April 8, 2020 statement, and any factual inferences or legal conclusions made by Plaintiffs based on it.

254.   Defendants submit that the allegations contained in Paragraph 254 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.   (*See* ECF No. 112 at 35-36 & n.36.)   To the extent a response is required, Defendants deny the allegations.

### 4.      April 9, 2020: "Market Concerns" Investors' Call

255.   Defendants deny the allegations contained in Paragraph 255 of the Complaint and refer to the Investor Conference Call on April 9, 2020 ("April 9, 2020 Investor Conference Call") for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Investor Conference Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

256.   The allegations contained in Paragraph 255 of the Complaint state legal conclusions for which no response is required.   To the extent a response is required, Defendants deny the allegations.

257.   Defendants deny the allegations contained in Paragraph 257 of the Complaint and refer to the April 9, 2020 Investor Conference Call for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Investor Conference Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

258.   The allegations contained in Paragraph 258 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

259.   Defendants deny the allegations contained in Paragraph 259 of the Complaint and refer to the April 9, 2020 Investor Conference Call for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the Investor Conference Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

260.   The allegations contained in Paragraph 260 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

**5.    April 15, 2020: GSX Denies Citron Report**

261.   Defendants deny the allegations contained in Paragraph 261 of the Complaint and refer to the April 15, 2020 press release for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the

April 15, 2020 press release, and any factual inferences or legal conclusions made by Plaintiffs based on it.

262.    The allegations contained in Paragraph 262 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### 6.    May 6 and 7, 2020: 1Q2020 Earnings Report

263.    Defendants admit the allegations contained in the first sentence of Paragraph 263 of the Complaint.  Defendants deny the remaining allegations and refer to the May 7, 2020 Form 6-K ("Q1 2020 Form 6-K") for its complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of the Q1 2020 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

264.    The allegations contained in Paragraph 264 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

265.    Defendants deny the allegations contained in Paragraph 265 of the Complaint and refer to the Q1 2020 Form 6-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Q1 2020 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

266.   The allegations contained in Paragraph 266 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

267.   Defendants deny the allegations contained in Paragraph 267 of the Complaint and refer to the Q1 2020 Form 6-K for its complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the Q1 2020 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

268.   The allegations contained in Paragraph 268 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### 7.    May 19, 2020: Denials of Bots, Brushing & Pledging

269.   Defendants deny the allegations contained in Paragraph 269 of the Complaint and refer to the May 19, 2020 press release for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the May 19, 2020 press release, and any factual inferences or legal conclusions made by Plaintiffs based on it.

270.   The allegations contained in Paragraph 270 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### 8.    May 29, 2020: More Affirmative Denials of Bots & Brushing

271.    Defendants submit that the allegations contained in Paragraph 271 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44, 55 n.47.)  To the extent a response is required, Defendants deny the allegations contained in Paragraph 271 of the Complaint and refer to the May 29, 2020 press release for its complete and accurate contents.  Defendants further deny any paraphrasing, summarizing or characterization of the May 29, 2020 press release, and any factual inferences or legal conclusions made by Plaintiffs based on it.

272.    The allegations contained in Paragraph 272 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### 9.    June 3, 2020: GSX Denies Grizzly Research's Follow-up Report

273.    Defendants submit that the allegations contained in Paragraph 273 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44, 55 n.47.)  To the extent a response is required, Defendants deny the allegations contained in Paragraph 273 of the Complaint and refer to the Company's June 3, 2020 Press Release for its complete and accurate contents.  Defendants further deny any

paraphrasing, summarizing or characterization of the FY 2019 Form 20-F, and any factual inferences or legal conclusions made by Plaintiffs based on it.

274.   Defendants submit that the allegations contained in Paragraph 274 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 35.)  To the extent a response is required, Defendants deny the allegations.

### 10.   September 2, 2020: 2Q2020 Earnings Report

275.   Defendants submit that the allegations contained in Paragraph 275 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44, 55 n.47.)  To the extent a response is required, Defendants deny the allegations contained in Paragraph 275 of the Complaint and refer to the September 2, 2020 Form 6-K ("Q2 2020 Form 6-K") for its complete and accurate contents, except admit the allegations contained in the first sentence of Paragraph 275 of the Complaint.  Defendants further deny any paraphrasing, summarizing or characterization of the Q2 2020 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

276.   The allegations contained in Paragraph 276 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

277.    Defendants submit that the allegations contained in Paragraph 277 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44, 55 n.47.)  To the extent a response is required, Defendants deny the allegations contained in Paragraph 277 of the Complaint and refer to the Q2 2020 Form 6-K for its complete and accurate contents.  Defendants further deny any paraphrasing, summarizing or characterization of the Q2 2020 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

278.    The allegations contained in Paragraph 278 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

279.    Defendants submit that the allegations contained in Paragraph 279 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44, 55 n.47.)  To the extent a response is required, Defendants deny the allegations contained in Paragraph 279 of the Complaint and refer to the Q2 2020 Form 6-K for its complete and accurate contents.  Defendants further deny any paraphrasing, summarizing or characterization of the Q2 2020 Form 6-K, and any factual inferences or legal conclusions made by Plaintiffs based on it.

280. The allegations contained in Paragraph 280 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

## VI.   LOSS CAUSATION

### 1.   April 3, 2020

281. To the extent Plaintiffs contend the FY 2019 Form 20-F "first disclosed" a new fact to the market, Defendants submit that the allegations contained in Paragraph 282 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required. Specifically, the Court held that the 2019 Form 20-F filed on April 3, 2020 is not a corrective disclosure. (*See* ECF No. 112 at 52.) To the extent a response is required, Defendants admit the allegations contained in the first sentence of Paragraph 281, but deny the remaining allegations contained in Paragraph 281 of the Complaint. Defendants refer to the April 3, 2020 20-F ("FY 2019 Form 20-F") and the April 6, 2020 JP Morgan analyst report for their complete and accurate contents. Defendants deny any paraphrasing, summarizing or characterization of the FY 2019 Form 20-F or April 6, 2020 JP Morgan analyst report, and any factual inferences or legal conclusions made by Plaintiffs based on them.

282. Defendants submit that the allegations contained in Paragraph 282 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024,

and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations.

283.   Defendants submit that the allegations contained in Paragraph 283 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations, except admit that the closing price of GSX's ADSs was $38.98 on April 2, 2020, and $32.93 on April 3, 2020.

## 2.    April 14, 2020

284.   Defendants deny the allegations contained in Paragraph 284 of the Complaint and refer to the Citron Research Report for its complete contents. Defendants deny the contents of the Citron Research Report, and deny any paraphrasing, summarizing or characterization of the Citron Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

285.   Defendants deny the allegations contained in Paragraph 285 of the Complaint and refer to the Citron Research Report for its complete contents. Defendants deny the contents of the Citron Research Report, and deny any paraphrasing, summarizing or characterization of the Citron Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

286.   Defendants deny the allegations in Paragraph 286 of the Complaint, except admit that the closing price of GSX's ADSs was $31.40 on April 13, 2020, and $31.20 per ADS on April 14, 2020.

### 3.    May 18 and 20, 2020

287.   Defendants deny the allegations contained in Paragraph 287 of the Complaint and refer to the May 18, 2020 Muddy Waters Capital LLC ("Muddy Waters Report") for its complete contents.  Defendants deny the contents of the Muddy Waters Report, and deny any paraphrasing, summarizing or characterization of the Muddy Waters Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

288.   Defendants deny the allegations in Paragraph 288 of the Complaint, except admit that the closing price of GSX's ADSs was $35.43 on May 15, 2020, $32.84 per ADS on May 18, 2020, $33.88 per ADS on May 19, 2020, and $30.58 on May 20, 2020.

### 4.    August 7, 2020

289.   Defendants submit that the allegations contained in Paragraph 289 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations contained in Paragraph 289 of the Complaint and refer to the August 7, 2020 Citi Research market report for its

complete contents.  Defendants deny the contents of the Citi Research market report, and deny any paraphrasing, summarizing or characterization of the Citi Research market report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

290.   Defendants submit that the allegations contained in Paragraph 290 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations, except admit that the closing price of GSX's ADSs was $131.27 on August 6, 2020, and $106.99 on August 7, 2020.

## 5.    August 10, 2020

291.   Defendants submit that the allegations contained in Paragraph 291 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations, and refer to the August 9, 2020 Sylvan Research Report for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Sylvan Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on them.

292.   Defendants submit that the allegations contained in Paragraph 292 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations, except admit the closing price of GSX's ADSs was $106.99 on August 7, 2020, and $96.56 on the next trading day, August 10, 2020.

### 6.    September 2 and 3, 2020

293.   Defendants submit that the allegations contained in Paragraph 293 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations, and refer to the refer to the April 3, 2020 20-F ("FY 2019 Form 20-F") and the September 2, 2020 press release for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the September 2, 2020 press release, and any factual inferences or legal conclusions made by Plaintiffs based on it.

294.   Defendants submit that the allegations contained in Paragraph 294 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations, except admit the closing

price of GSX's ADSs was $83.28 on September 2, 2020, and $78.75 on September 3, 2020.

### 7. October 21, 2020

295.    Defendants submit that the allegations contained in Paragraph 295 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations, and refer to the October 21, 2020 report in The Motley Fool Report for its complete contents.  Defendants deny any paraphrasing, summarizing or characterization of the October 21, 2020 report in The Motley Fool Report, and any factual inferences or legal conclusions made by Plaintiffs based on it.

296.    Defendants submit that the allegations contained in Paragraph 296 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations.

297.    Defendants submit that the allegations contained in Paragraph 297 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.  (*See* ECF No. 112 at 52 n.44.)  To the extent a response is required, Defendants deny the allegations, that the closing price of GSX's ADSs was $102.94 on October 20, 2020, and $71.23 on October 21, 2020.

## VII.  ADDITIONAL FACTS FURTHER PROBATIVE OF SCIENTER

### A.    The Individual Defendants' Job Responsibilities Required Them To Have Knowledge that Would Show Their Statements Were False and Misleading

298.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of confidential witnesses in Paragraph 298 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 298 of the Complaint.

### 1.    CW-8

299.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-8 contained in Paragraph 299 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 299 of the Complaint.

300.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-8 contained in Paragraph 300 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 300 of the Complaint.

301.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-8 contained in Paragraph 301 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 301 of the Complaint.

302.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-8 contained in Paragraph 302 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 302 of the Complaint.

303.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-8 contained in Paragraph 303 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 303 of the Complaint.

## 2.    CW-9

304.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-9 contained in Paragraph 304 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 304 of the Complaint.

305.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-9 contained in Paragraph 305 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 305 of the Complaint.

306.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-9 contained in

Paragraph 306 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 306 of the Complaint.

307.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-9 contained in Paragraph 307 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 307 of the Complaint.

### 3.    CW-10

308.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-10 contained in Paragraph 308 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 308 of the Complaint.

309.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-10 contained in Paragraph 309 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 309 of the Complaint.

310.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-10 contained in Paragraph 310 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 310 of the Complaint.

311.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-10 contained in Paragraph 311 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 311 of the Complaint.

312.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-10 contained in Paragraph 312 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 312 of the Complaint.

### 4.    CW-11

313.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-11 contained in Paragraph 313 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 313 of the Complaint.

314.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-11 contained in Paragraph 314 of the Complaint.   Defendants deny the remaining allegations contained in Paragraph 314 of the Complaint.

315.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-11 contained in

Paragraph 315 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 315 of the Complaint.

316.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-11 contained in Paragraph 316 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 316 of the Complaint.

***

317.   Defendants deny the allegations in Paragraph 317 of the Complaint and refer to the Q2 2019, Q4 2019 and Q1 2020 earnings calls for their complete and accurate contents.    Defendants deny any paraphrasing, summarizing or characterization of these earnings calls, and any factual inferences or legal conclusions made by Plaintiffs based on them.

**B.    Individual Defendants Had Personal Access to All Major Contracts, and So Had Access to Brushing Contracts**

318.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of CW-8 contained in Paragraph 318 of the Complaint.    Defendants deny the remaining allegations contained in Paragraph 318 of the Complaint.

**C.    Statements by the Individual Defendants Directly Denying Brushing and Other Fraudulent Practices Are Strong Evidence of Recklessness or Knowledge**

319.    Defendants deny the allegations contained in the first sentence of Paragraph 319 of the Complaint.  The remaining allegations state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny those allegations.

320.    Defendants refer to the June 15, 2015 Duozhi.com article ("Duozhi.com Article") referenced in Paragraph 320 for its full and accurate contents.  Defendants deny any paraphrasing, summarizing, translation, or characterization of the Duozhi.com Article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

321.    Defendants refer to the Duozhi.com Article referenced in Paragraph 321 for its full and accurate contents.  Defendants deny any paraphrasing, summarizing, translation, or characterization of the Duozhi.com Article, and any factual inferences or legal conclusions made by Plaintiffs based on it.

322.    Defendants deny the allegations contained in Paragraph 322 of the Complaint and refer to the statement published on June 17, 2015 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the statement published on June 17, 2015, and any factual inferences or legal conclusions made by Plaintiffs based on it.

323.   Defendants submit that the allegations contained in Paragraph 323 of the Complaint were dismissed by the Court's Opinion and Order dated June 25, 2024, and therefore no response is required.   To the extent a response is required, Defendants deny the allegations.   Defendants further deny any paraphrasing, summarizing, translation, or characterization of Defendant Chen's statements, and any factual inferences or legal conclusions made by Plaintiffs based on them.

324.   Defendants deny the allegations contained in Paragraph 324 of the Complaint and refer to the Investor Conference Call for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Investor Conference Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

325.   Defendants deny the allegations contained in Paragraph 325 and refer to the April 10, 2020 interview for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the interview, and any factual inferences or legal conclusions made by Plaintiffs based on it.

326.   Defendants deny the allegations contained in Paragraph 326 of the Complaint and refer to the April 14, 2020 posts by Defendant Chen for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing, translation, or characterization of the April 14, 2020 posts by Defendant Chen, and any factual inferences or legal conclusions made by Plaintiffs based on them.

327.    Defendants deny the allegations contained in Paragraph 327 of the Complaint and refer to the April 15, 2020 post by Defendant Chen for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing, translation, or characterization of the April 15, 2020 post and any factual inferences or legal conclusions made by Plaintiffs based on them.

328.    Defendants deny the allegations contained in Paragraph 328 of the Complaint and refer to the April 15, 2020 press release and the Citron Research Report for their complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the April 15, 2020 press release or the Citron Research Report, and any factual inferences or legal conclusions made by Plaintiffs based on them.

329.    Defendants deny the allegations contained in Paragraph 329 of the Complaint and refer to the Q1 2020 Earnings Call on May 6, 2020 ("Q1 2020 Earnings Call") for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q1 2020 Earnings Call and any factual inferences or legal conclusions made by Plaintiffs based on it.

330.    Defendants deny the allegations contained in Paragraph 330 of the Complaint and refer to the May 2020 post by Defendant Chen for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing, translation, or

characterization of the May 2020 post by Defendant Chen, and any factual inferences or legal conclusions made by Plaintiffs based on it.

331.   Defendants deny the allegations contained in Paragraph 331 of the Complaint and refer to the June 6, 2020 post by Defendant Chen for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing, translation, or characterization of the June 6, 2020 post by Defendant Chen, and any factual inferences or legal conclusions made by Plaintiffs based on it.

**D.    GSX Attempted to Cover Its Tracks**

332.   Defendants deny the allegations contained in the first sentence of Paragraph 332 of the Complaint.   The remaining allegations contained in Paragraph 332 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

333.   The allegations contained in Paragraph 333 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

334.   Defendants deny the allegations in Paragraph 334 of the Complaint.

**E.    Individual Defendants' Public Statements Show They Monitored Marketing Budget, Sales Channels and Classes**

335.   Defendants deny the allegations contained in Paragraph 335 of the Complaint and refer to the Q4 2019 Earnings Call on February 18, 2020 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing

or characterization of the Q4 2019 Earnings Call on February 18, 2020, and any factual inferences or legal conclusions made by Plaintiffs based on it.

336.   Defendants deny the allegations contained in Paragraph 336 of the Complaint and refer to the August 22, 2019 Q2 2019 Earnings Call for its complete and accurate contents.   Defendants deny any paraphrasing, summarizing or characterization of the August 22, 2019 Q2 2019 Earnings Call, and any factual inferences or legal conclusions made by Plaintiffs based on it.

337.   Defendants deny the allegations contained in Paragraph 337 of the Complaint and refer to the Q2 2019 Earnings Call on August 22, 2019 for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the Q2 2019 Earnings Call on August 22, 2019, and any factual inferences or legal conclusions made by Plaintiffs based on it.

**F.    Student Enrollment was GSX's Core Operation, and the Amount by which the Company Overstated Enrollment Could Not Have Escaped the CEO and CFO's Attention**

**1.    The Defendants' Fraud Concerned GSX's Key Operating Metrics**

338.   Defendants deny the allegations contained in Paragraph 338 of the Complaint.

339.   Defendants deny the allegations contained in Paragraph 339 of the Complaint and refer to the FY 2019 Form 20-F for its complete and accurate contents.  Defendants deny any paraphrasing, summarizing or characterization of the

FY 2019 Form 20-F and any factual inferences or legal conclusions made by Plaintiffs based on it.

340.  Defendants deny the allegations contained in Paragraph 340 of the Complaint.

### 2. The Magnitude of the Defendants' Fraud Supports an Inference of Scienter

341.  The allegations contained in Paragraph 341 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### G. Chen was Financially Motivated To Perpetrate Fraud on Investors

342.  Defendants deny the allegations contained in Paragraph 342 of the Complaint, except admit that following the November 20, 2019 SPO, Ebetter International Group Limited held 73,305,288 Class B shares and 89.9% of GSX's voting power.

343.  Defendants deny the allegation in the first sentence in Paragraph 343 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 343 of the Complaint.

344.  The allegations contained in Paragraph 344 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

### H.   Corporate Insiders Exited their Positions to Finance the Company's SPO

345.   Defendants deny the allegations contained in Paragraph 345 of the Complaint, except admit that as part of the November 20, 2019 SPO: Origin Beyond Limited sold 1,566,666 Class A Ordinary Shares; Banyan Partners Fund II, L.P. sold 1,875,000 Class A Ordinary Shares; QFcapital Limited sold 1,125,000 Class A Ordinary Shares; QF Group Limited sold 1,000,000 Class A Ordinary Shares; and Rolancy International Limited sold 412,980 Class A Ordinary Shares.

### I.   The Knowledge of GSX's Senior Executives and Other Agents is Imputed to the Company

346.   The allegations contained in Paragraph 346 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

## VIII.  ADDITIONAL INVESTIGATION ALLEGATIONS

347.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 347 of the Complaint.

348.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 348 of the Complaint. Defendants deny the accuracy of the interview and its translation.

349.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 349 of the Complaint.

## IX.   CLASS ACTION ALLEGATIONS

350.   The allegations contained in Paragraph 350 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 350 of the Complaint, except state that Plaintiffs purport to bring this action on behalf of themselves and all persons or entities that purchased GSX ADSs from June 6, 2019, to October 20, 2020, inclusive, under Rule 23.  Defendants deny that Plaintiffs have suffered any damages.

351.   The allegations contained in the first sentence of Paragraph 351 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 351 of the Complaint, except admit that American Depositary Shares ("ADSs") of GSX Techedu, Inc. (now Gaotu Techedu Inc.) were listed on the New York Stock Exchange from June 6, 2019, through October 20, 2020, inclusive.

352.   The allegations contained in Paragraph 352 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

353.   The allegations contained in the first sentence of Paragraph 353 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 353 of the Complaint.

354.   The allegations contained in Paragraph 354 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

355.   The allegations contained in Paragraph 355 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants also deny that Plaintiffs have suffered any damages.

356.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 356 of the Complaint.

357.   The allegations contained in the first two sentences of Paragraph 357 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants admit that on August 6, 2020, the closing price of GSX's ADSs was $131.27.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 357 of the Complaint. Defendants also deny that Plaintiffs have suffered any damages.

358.   The allegations contained in Paragraph 358 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants also deny that Plaintiffs have suffered any damages.

359.   The allegations contained in Paragraph 359 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 359 of the Complaint except admit that (1) American Depositary Shares ("ADSs") of GSX Techedu, Inc. (now Gaotu Techedu Inc.) were listed on the New York Stock Exchange from June 6, 2019, through October 20, 2020, inclusive; (2) GSX filed periodic public reports with the SEC and/or the New York Stock Exchange; (3) GSX communicated with investors; and (4) GSX was followed by securities analysts who wrote reports about the Company.

360.   Defendants deny that Plaintiffs have suffered any damages. Certain allegations contained in Paragraph 360 of the Complaint state legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 360 of the Complaint.

361.    The allegations contained in Paragraph 361 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

## X.   NO SAFE HARBOR

362.    The allegations contained in Paragraph 362 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

363.    The allegations contained in Paragraph 363 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

## XI.   COUNT ONE

**For Violations of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5**
**(Against Defendants—GSX, Chen and Shen)**

364.    Defendants repeat each of the above responses as though fully set forth herein.

365.    Defendants deny the allegations contained in Paragraph 365, except admit that American Depositary Shares ("ADSs") of GSX Techedu, Inc. (now Gaotu Techedu Inc.) were listed on the New York Stock Exchange from June 6, 2019, through October 20, 2020, inclusive.

89

366.    The allegations contained in Paragraph 366 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

367.    The allegations contained in Paragraph 367 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

368.    The allegations contained in the first sentence of Paragraph 368 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs have suffered any damages. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 368 of the Complaint.

369.    The allegations contained in Paragraph 369 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs have suffered any damages.

## XII.  COUNT TWO

### For Violations of Section 20(a) of the Securities Exchange Act of 1934 (Brought by Plaintiffs against the Individual Defendants—Chen and Shen)

370.    Defendants repeat and incorporate by reference each of the above responses as though fully set forth herein.

371.    Defendants deny the allegations contained in Paragraph 371, except admit that American Depositary Shares ("ADSs") of GSX Techedu, Inc. (now Gaotu

Techedu Inc.) were listed on the New York Stock Exchange from June 6, 2019, through October 20, 2020, inclusive.

372.   The allegations contained in Paragraph 372 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

373.   The allegations contained in Paragraph 373 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

374.   The allegations contained in Paragraph 374 of the Complaint state legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations.

## XIII.  PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to relief, and respectfully request that the Court dismiss all claims against Defendants with prejudice and order such further relief for Defendants as the Court deems just and proper.  Defendants further deny that this action is appropriate for class action treatment.

## XIV.  JURY TRIAL DEMANDED

Defendants deny the allegations of Plaintiffs' demand for a jury trial, except admit that Plaintiffs purport to demand a jury trial.  Defendants reserve the right to challenge this demand.

## XV.   AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses, Defendants allege as follows: By alleging the matters set forth below, Defendants do not thereby allege or admit that Defendants have the burden of proof or the burden of persuasion with respect to any of these matters.  Furthermore, Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves the rights to amend their answer and assert all such defenses.

### First Defense

This action is barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief may be granted.

### Second Defense

The action is barred, in whole or in part, because the statements Plaintiffs challenge were not false or misleading and GSX neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

### Third Defense

The action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

### Fourth Defense

The action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the Complaint under the safe harbor

provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-5, and/or the bespeaks caution doctrine.

### Fifth Defense

The action is barred, in whole or in part, because certain statements complained of in the Complaint are non-actionable statements of opinion.

### Sixth Defense

The action is barred, in whole or in part, because certain statements complained of in the Complaint are statements of puffery.

### Seventh Defense

This action is barred, in whole or in part, because Defendants conducted adequate due diligence and a reasonable investigation, and had a good-faith basis and reasonable grounds to believe, and did believe at the time the statements were made, that such statements were true and not misleading.

### Eighth Defense

The action is barred, in whole or in part, because Plaintiffs are not entitled to any recovery from GSX because, at the time Plaintiffs acquired GSX's ADSs, Plaintiffs and the putative class knew or should have known of any alleged untrue statement of material fact disclosed in GSX's public filings, disclosures, and announcements, or of any omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

### Ninth Defense

The action is barred, in whole or in part, because GSX did not omit to state any material facts necessary in order to make any statement made by GSX not false or misleading.

### Tenth Defense

The action is barred, in whole or in part, because any alleged misrepresentations or omissions for which GSX is allegedly responsible were not material.

### Eleventh Defense

This action is barred, in whole or in part, because certain information that Plaintiffs allege to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community.

### Twelfth Defense

The action is barred, in whole or in part, because no one whose intent could be imputed to GSX acted with scienter.

### Thirteenth Defense

The action is barred, in whole or in part, because GSX acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

### Fourteenth Defense

The action is barred, in whole or in part, because GSX was not the actual or proximate cause of any injury to Plaintiffs or the putative class.

### Fifteenth Defense

The action is barred, in whole or in part, because the statements or omissions alleged in the Complaint were not made for the purpose of inducing the purchase or sale of securities.

### Sixteenth Defense

The action is barred, in whole or in part, because Plaintiffs and the putative class are not entitled to any recovery from GSX because Plaintiffs and members of the putative class did not acquire GSX's ADSs relying on any alleged untrue statement of material fact disclosed in GSX's public filings, disclosures, and announcements, or relying upon GSX's public filings, disclosures, and announcements and not knowing of any alleged omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

### Seventeenth Defense

The action is barred, in whole or in part, to the extent there are intervening and superseding causes of alleged harm, if any, suffered by Plaintiffs or the putative class.

### Eighteenth Defense

The action is barred, in whole or in part, because Plaintiffs' and the putative class's damages, if any, are speculative and thus are not recoverable.

### Nineteenth Defense

The action is barred, in whole or in part, because Plaintiffs and the putative class have no compensable damages.

### Twentieth Defense

The action is barred, in whole or in part, due to the absence of loss causation.

### Twenty-First Defense

The action is barred, in whole or in part, because the fraud on the market theory does not apply.

### Twenty-Second Defense

The action is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

### Twenty-Third Defense

The action is barred, in whole or in part, because GSX securities were not traded on an efficient market.

### Twenty-Fourth Defense

The action is barred, in whole or in part, to the extent Plaintiffs and the putative class seek damages that exceed those permitted under the federal securities laws and other applicable laws.

### Twenty-Fifth Defense

The action is barred, in whole or in part, because to the extent it is or may be determined that any person is alleged to have been acting as an agent for GSX in violation of the Securities Exchange Act of 1934 or any rules of the SEC, with respect to any of the alleged conduct on which the Complaint is based, those actions cannot be imputed to GSX.

### Twenty-Sixth Defense

The action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk because Plaintiffs and the putative class knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and they assumed the risk of a decline in the value of their investments.

### Twenty-Seventh Defense

The action is barred, in whole or in part, because the putative class period is overbroad and therefore, many of the putative class members are not entitled to any recovery.

## Twenty-Eighth Defense

The action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## Twenty-Ninth Defense

The action is barred, in whole or in part, because some or all of Plaintiffs and the members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

## Thirtieth Defense

Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not names as parties to this action, who may have caused or contributed to Plaintiffs' alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. §78u-4(f)(3)(A).

## Thirty-First Defense

Plaintiffs' cause of action under Section 20(a) of the Securities Exchange Act of 1934 is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

**WHEREFORE**, GSX respectfully requests that the Complaint be dismissed with prejudice and that the Court award GSX its costs and attorneys' fees and any other relief deemed just and proper.

Dated:  New York, New York
   August 9, 2024

        <u>/s/  Keith J. Miller</u>
        Keith J. Miller
        **ROBINSON MILLER LLC**
        Ironside Newark
        110 Edison Place, Suite 302
        Newark, New Jersey 07102
        (973) 690-5400
        kmiller@rwmlegal.com

        Scott D. Musoff
        Robert A. Fumerton (*pro hac vice*)
        Michael C. Griffin (*pro hac vice*)
        Judith A. Flumenbaum (*pro hac vice*)
        **SKADDEN, ARPS, SLATE,**
         **MEAGHER & FLOM LLP**
        One Manhattan West
        New York, New York 10001
        Telephone:  (212) 735-3000
        Facsimile:   (917) 735-2000
        scott.musoff@skadden.com
        robert.fumerton@skadden.com
        michael.griffin@skadden.com
        judy.flumenbaum@skadden.com

        *Counsel for Defendants GSX*
        *Techedu Inc., Larry Xiangdong Chen*
        *and Nan Shen*