```
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY

WU,                                      .
                                         .
        Plaintiff,                       .
                                         .  Case No. 20-cv-04457
vs.                                      .
                                         .  Newark, New Jersey
GSX TECHEDU INC., et al.,                .  August 21, 2024
                                         .
        Defendants.                      .
                                         .
```

                        TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE JOSÉ R. ALMONTE
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES (the parties appeared via teleconference):

For the Plaintiff:      AUSTIN P. VAN, ESQ.
                        Pomerantz
                        600 Third Avenue, Suite 20th Floor
                        New York, NY 10016
                        (212) 661-1100
                        Avan@pomlaw.com


For the Defendants:     KEITH J. MILLER, ESQ.
                        Robinson Miller LLC
                        Ironside Newark
                        110 Edison Place, Suite 302
                        Newark, NJ 07102
                        (973) 690-5400
                        Kmiller@rwmlegal.com


Audio Operator:

Transcription Service:    KING TRANSCRIPTION SERVICES, LLC
                          3 South Corporate Drive, Suite 203
                          Riverdale, NJ  07457
                          (973) 237-6080

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(APPEARANCES continued)

For the Defendants:       JUDITH (JUDY) A. FLUMENBAUM, ESQ.
                          Skadden, Arps, Slate, Meagher & Flom LLP
                          One Manhattan West
                          New York, NY 10001
                          (212) 735-2764
                          judy.flumenbaum@skadden.com

                          MICHAEL C. GRIFFIN, ESQ.
                          Skadden, Arps, Slate, Meagher & Flom LLP
                          One Manhattan West
                          New York, NY 10001
                          (212) 735-2844
                          michael.griffin@skadden.com

|Hearing
|20-cv-04457, August 21, 2024

3

(Commencement of proceedings)

THE COURT:  Good morning.  This is Judge Almonte. Today is August 21st, 2024, approximately 9:39 A.M.

We're on the record in Wu v. GSX Techedu Inc., Docket Number 20-04457.

May I have the appearance starting with plaintiff, please.

MR. VAN:  Good morning, Your Honor.  This is Austin Van from Pomerantz LLC on behalf of lead plaintiff.

THE COURT:  Good morning.  Anyone else joining you?

MR. VAN:  No.

THE COURT:  Okay.  I do have a question concerning plaintiff Zequi Wu, first name is spelled Z-e-q-u-i.  Is he appearing pro se in this matter?

MR. VAN:  No.  I think that that was the original named plaintiff from a different complaint.  And that individual is no longer a named lead plaintiff in the matter.

THE COURT:  Okay.  All right.  That's what I wanted to clarify, and that's why I wanted this on the record.

All right.

And for defendants, who do we have?

MR. MILLER:  Good morning, Your Honor.  For the defendants, you have Keith Miller from Robinson Miller in Newark, New Jersey.

I also have on the line my co-counsel from Skadden Arps, Michael Griffin and Judy Flumenbaum, who have been admitted pro hac vice.

THE COURT:  All right.  Well, good morning to all of you.

MR. GRIFFIN:  Good morning, Your Honor.

THE COURT:  This case started in 2020, and it has a long history.  I'll tell you what I understand the case to currently be about without going into the prior history.  And if there is anything I say that is in any way inaccurate or if there's additional information that you believe I should know about after I'm done, I'll give you an opportunity to either correct me or tell me more.

With that said, this is a securities class action against GSX and two of its senior executives and the underwriter who facilitated GSX's entry and continued access to the public market in the U.S.  And plaintiffs here seek damages and other legal and equitable remedies to redress alleged harms caused by defendants' alleged violations of certain provisions of the Exchange Act.

The lead plaintiff and the additional plaintiffs here purchased or otherwise acquired securities in defendants' company, which is a company that offers online education classes to students in grades K through 12 in China.  And GSX allegedly routinely represents that its "core

expertise is in providing K to 12 educational and afterschool tutoring courses through on online, live, large-class format."  And GSX sells its securities in the New York Stock Exchange and allegedly made a series of false and misleading statements about its business operations between June 6th, 2019, through October 2020, which is the class period.

And the individual defendants Larry Chen and Nan Shen served as GSX chairman and CEO and chief financial officer.

In summary, plaintiffs allege that GSX falsified over 70 percent of its student enrollment and over 50 percent of the company's revenue by, among other means, employing a team of engineers to steal online identities, using them to set up false student accounts and bots using GSX's own funds to buy courses to inflate revenues and operating tens of thousands of mobile phones to simulate student login and class activity.

And according to GSX -- excuse me -- to plaintiff, GSX shares fell dramatically after the truth about what they allegedly were doing came to light.

Defendants obviously deny the allegation and reserve the right to assert affirmative defenses.

So that's my general understanding what this case is about.

But I wanted to pause for a moment and give you an

opportunity to either correct anything that I said or otherwise provide additional information that you think it would be helpful for me to know at this stage so that I may have a better understanding of this case.

With that said, for plaintiff, anything to correct or add?

MR. VAN:  Thank Your Honor.

I think that you've got it in a gist, for sure.

The underwriter plaintiffs -- defendants have been dismissed.  You might have mentioned that early on.

And the company just -- I don't know that this matters much, but it's now named Gaotu Techedu, and I believe its operations have shifted somewhat from online course instruction to some other fields.  I am not sure that's relevant under the case.  But their current operations differ somewhat from the operations at issue in this complaint.

But in terms of our chief allegations, I think you've got them.  This was a massively corrupt company that defrauded U.S. purchasers of their securities.  And we're seeking compensation under § 10(b).

THE COURT:  Got it.

Who's taking the lead for defendants?

MS. FLUMENBAUM:  Good morning, Your Honor.  This is Judy Flumenbaum.

And I would just reiterate that defendants,

obviously, you know, deny all the allegations in the second amended complaint.

THE COURT:  Okay.

MS. FLUMENBAUM:  And -- yeah.

THE COURT:  All right.  So would you like to correct or anything that you'd like to add at this point other than obviously denying the allegations?

MS. FLUMENBAUM:  Nothing to correct.  And my colleague Austin is correct that, you know, the company is now focused on different industry or a, you know, a subsection of this industry.

But, you know, nothing to correct of plaintiff's allegation; just that, you know, we would assert that they haven't, you know, shown this -- and that will be borne out through discovery.

THE COURT:  Okay. All right. Well, look, let's proceed with discovery.

I have competing deadlines for fact discovery.  It sounds to me that plaintiff wants substantial completion of discovery by December 10 of this year and defendants September 9th of next year.

So let me understand both parties' position as to that.

For plaintiff?

MR. VAN:  Thank you.

So this case has been going on for four years. And now that we're finally getting to three, defendants want to point to the complicated process under Chinese law that had to be gone through to get documents compliant with Chinese law in order to delay the case by another period of years. They're asking for a year, which is in and of itself more than -- far more than any period for document discovery I have witnessed in a securities class action. And I've been doing a lot of these.

But it wouldn't just be a year because they're not going to get compliance under Chinese law within a year. It will take more like the three years, the three-plus years, three-going-on-four years that it's taking in some of the other cases that we cite in what we've provided Your Honor.

That is just not reasonable. It's not reasonable by any stretch of the imagination.

And the Supreme Court has made perfectly clear that U.S. courts don't bow down to foreign blocking statutes in conducting U.S. discovery. And that has been specifically interpreted by every court we've found, which was three district courts who've looked at the application of that principle to Chinese law in U.S. discovery have found that Chinese law should not delay U.S. discovery. You have Judge Kaplan just a month ago saying, "If a foreign party invokes blocking statutes, it will not stop me from ordering

|Hearing
|20-cv-04457, August 21, 2024

discovery in a timetable that suits the needs of the case and this Court."

We're just asking Your Honor to follow those holdings.

The two cases that defendants have mentioned, both of those are not judicial opinions.  They are stipulations agreed to by the parties.  In the first -- what was it -- the Neo matter, originally, the parties stipulated and agreed to just one year.  And they extended it by a year and then another year.  So that is example of the trajectory that we -- that this Court must avoid, nip it in the bud, and just recognize that discovery should proceed in this country under U.S. discovery laws.

And four months for document production should be plenty.  We are reasonable, though.  If, down the line, after four months defendants need an extra month or something due to exigencies that cannot be foreseen right now and it really is just impracticable for them to complete discovery within four months, we can come back and talk for another month or two extension, reasonable short extension if and when that happens.  But deciding now for a year and in effect decides for several years for document discovery would be a regrettable path.

THE COURT:  Putting aside the Chinese blocking statute, given that this is a class action lawsuit and I

imagine that discovery likely will be voluminous here, even if, you know, you took that Chinese blocking statute out of the equation, do you honestly think that you can accomplish discovery in four months?

MR. VAN:  Oh, so this is just document production, to be clear.  So --

THE COURT:  Just document production, do you honestly think that you can accomplish that in four months?

MR. VAN:  Absolutely, and that is typical.  And that was the schedule that Judge Kaplan just ordered a month ago in a case involving Chinese discovery, in a securities class action.  That is absolutely reasonable.

And, again, if that has to be pushed back by a month, you know, or so due to -- you know, if it's really impossible as a practical matter for defendants to pull together, you know, we can certainly look at that.  We're not going to be unreasonable if it comes to modest extensions of four months.

But we shouldn't get into the territory or anything close to a year and certainly not years.

THE COURT:  Okay.  Let me hear from defendants on this.

MS. FLUMENBAUM:  Sure.  So just to start with, you know, Mr. Van's last point, four months is not typical.  And we've cited numerous D.N.J. cases, you know, a court

determined eight months to substantial completion, nine months, 14 months.  Four months is very fast for a complex case like this.

And while, you know, the plaintiffs note that certain of the cases that we have cited are for stipulations, that's because there they -- the plaintiffs recognized that this is a real issue and that things take time and that four months is not realistic here.  You know, we still have to negotiate search terms.  We still have to agree to custodians.  And the thought that we will be done producing all documents by the end of the year, it's just not realistic.

You know, plaintiffs also note the delay in this case, that it's four years old.  That has nothing to do with delay of defendants or plaintiffs, honestly.  It's normal motion practice.  They had -- you know, they were able to file a second amended complaint.  That's why this has taken long.  And that shouldn't impact -- or it shouldn't rush our clients through the discovery process.

And, Your Honor, just to reiterate, we are not stating that we are not going to oblige with the U.S. discovery obligation.  We're just requesting adequate time to be able to comply with both U.S. discovery obligations and PRC privacy obligations.  And, you know, we are prepared to do that and prepared to produce documents in accordance with

U.S. law, of course.

THE COURT:  All right.

So, look, let's proceed -- state this year.  I think four months is too short, but I also think that one year is too long for substantial completion of document production.

So I'm going to set the deadline for substantial completion of document production to February 21, 2025.  I will accept the other deadlines that you proposed; so we don't need to speak about that.

What I will say is this:  I expect the parties to be reasonable and to move this case along, given how old it already is, understanding that it's just been normal motion practice that has gotten us to this point.

But now that the case has to proceed with discovery, I do want it to move along at a reasonable pace.  And so I expect everyone to work cooperatively with one another to get discovery done as quickly as possible so that we can get to the next stages.

I hope that you work together to try to resolve discovery disputes.  If you do have a dispute, I want to make my expectations very clear.  What I want is for you to meet and confer in good faith.  And what I mean by that is I don't want you to just send each other emails and then write a letter and saying we have a discovery dispute.

I want you to either get on a videoconference and if for whatever reason that can't work out, then certainly by telephone, and every issue that you intend to raise, I want you to discuss it with one another.  I want you to present your arguments to one another.  If there is legal authority that you believe supports your position, I want you to share that with one another.

And after you've exhausted that process, only then would I want you to write a joint letter that explains what the dispute is and each party's position.  By then, there should be no surprise to either of you have as to what the other one's position is because I would have expected that you had shared the information with one another.

And after I receive that letter, I will quickly decide the issue.  But I need you to exhaust that process first so that I can get to your requests as soon as possible.  Otherwise, this is going to result in delays because if you bring an issue and I see that you did not sufficiently meet and confer, I'm going to make you do it again.  So it's one of those situations where you either have to do it right or do it twice.  And I just want to make sure that my expectations are abundantly clear going forward.

The other issue that I think we need to address is the number of depositions.

Let me hear plaintiffs as to why they believe --

why you that you need 25 depositions at this stage.

MR. VAN:  Sure, Your Honor.

So I think that we're addressing the number of depositions now because there is this blank on the form and we had to put something.

But I think as long as we're discussing it now, we might as well expand the number of depositions permitted to something that's simple and suits this case.  We will absolutely need more than 10 depositions.  There are just so many groups at this company and levels within those groups that we have to address.  We have to address folks from accounting and -- reporting regarding the revenues and marketing expenses.  We have to address the marketing folks concerning advertising and student enrollment factors and ChatBot marketing.  We need to go into operations and talk with teachers, cell phone operators, the software engineers, those responsible for monitoring student activity, those involved in the SEC investigations -- executives beyond the six current defendants who already take up the majority of the 10 allotted to us.

And we'll need to talk to third parties.  I don't know whether we intend to include the third parties within that 25, but there will be a number of third parties that need to be deposed, including students, third-party brushing firms, and the stock analysts, including, you know, what

defendants call the "short sellers" on whose reports we have relied extensively in the complaint.

THE COURT:  Okay.  Let me --

MR. VAN:  Oh, Your Honor, if I may, we'd also just like to ask that -- for Mandarin speakers, and it should be a number of deponents in this case whose native tongue is Mandarin.  But we wouldn't mind going ahead and getting guidance from Your Honor that those can be extended from seven to 14 hours.  It takes a long time to go back and forth with a translator doing a deposition, roughly about twice as long.  So if we can go ahead and get an extension -- I don't know whether defendants agreed to that or not.  I forget.  But it is typical, and we'd be happy for the Court to go ahead and weigh in on that.

THE COURT:  Well, look, I take issues one at a time when the issue is ripe.

So what you're asking me to do now is give you blanket 14 hours.

But, let's say, for example, that the witness that you need to interview is not so significant and in a typical case or in a -- you know, in this case, let's say, that the person were an English speaker would probably take only two hours.  I'm not going to give you 14 hours to depose that witness.

So I will take those requests as they come up, but

I would expect that you would talk it through with one another and come to a reasonable arrangement do individuals rather than blanket extensions.

MR. VAN:  Understood.

THE COURT:  Let me hear from Ms. Flumenbaum on the issue of number of depositions.

MS. FLUMENBAUM:  Yes, Your Honor.  So we basically would submit it's the same issue as an extension of time for certain deponents.  You know, we are willing to meet and confer with plaintiffs on this once we've agreed on custodians and once, you know, discovery has begun.  But we think this request is totally premature at this point.  You know, we're just not sure who these 25 depositions are and whether they're necessary at this stage.  And we are happy to work with plaintiffs moving forward to, you know, figure out the correct number.  We're not -- we're objecting at this time, but, you know, we are willing to be amenable moving forward and not sticking to the 10, if there are certain witnesses that, you know, need to be deposed beyond that.

THE COURT:  Okay.  And that's where my head was at before you mentioned it and I'm going to limit it to 10, but I too will be reasonable with everyone.  And so if you show me that you need to truly depose 25, I will assure you that will give you those 25 depositions.  But I want to take it in strides; in other words, see how far you get with 10, and as

you're approaching that threshold, if you feel that you need more, if you meet and confer and you cannot agree, then I will be more than happy to weigh in and decide whether the additional witnesses are necessary.  But I want to wait and see what the issue really is rather than permitting that right out of the gate.

MR. VAN:  Understood, Your Honor.  Thank you.

THE COURT:  All right.

MS. FLUMENBAUM:  Thank you, Your Honor.

THE COURT:  So anything else that we need to discuss on the record?  I do want you to stick around because I want to speak with you about something else off the record.

For plaintiff, anything else on the record?

MR. VAN:  Nothing comes to mind, Your Honor.

THE COURT:  And for defendant?

MS. FLUMENBAUM:  Nothing from us either.  Thank you.

THE COURT:  Okay.  We're going to go off the record.  Give me a moment.

(Conclusion of proceedings)

Certification

I, SARA L. KERN, Transcriptionist, do hereby certify that the 18 pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

s/ *Sara L. Kern*                    19th of November, 2024
_____    _____
Signature of Approved Transcriber            Date


Sara L. Kern, CET**D-338
King Transcription Services, LLC
3 South Corporate Drive, Suite 203
Riverdale, NJ  07457
(973) 237-6080