## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANG RENBIN, ROBERT ANGELINE, COREY HAYS, AND ALEXANDRE TAZI, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br> v.<br><br>GSX TECHEDU INC., LARRY XIANGDONG CHEN, NAN SHEN, XIN FAN, YIMING HU, MING LIAO, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES, INC., BARCLAYS CAPITAL, INC., BOFA SECURITIES, INC., CLSA LIMITED, AND GOLDMAN SACHS (ASIA) L.L.C.,<br><br>       Defendants. | **Case No. 2:20-CV-04457 (MEF) (JRA)** |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Lead Plaintiff Yang Renbin and Additional Plaintiffs Robert Angeline, Corey Hays, and Alexandre Tazi (collectively, "Plaintiffs"), individually and on behalf of all Settlement Class Members, respectfully submit this supplemental brief in further support of their Unopposed Motion for Preliminary Approval of the Class Action Settlement.  ECF No. 155 ("Preliminary Approval Motion").  Pursuant to the Court's docket entry (ECF No. 160), Plaintiffs supplement their Motion with the following documents:

(1) Attached as **Exhibit 1** is a true and correct copy of the Declaration of Defendant Nan Shen in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Shen Declaration"), dated November 24, 2025; and

(2) Attached as **Exhibit 2** is a true and correct copy of the Declaration of David M. Murphy of Phillips ADR in Support of Motion for Preliminary Approval of Class Action Settlement ("Murphy Declaration"), dated November 24, 2025.

These two sworn declarations further evidence the adequacy of the Settlement.[1]  *First*, the Shen Declaration is a sworn declaration by Defendant Shen.  Ms. Shen has served as the Chief Financial Officer of the Company during the Class Period and through the present, and she is therefore well versed in the operations of the Company and the facts of this case.  Shen's declaration sets forth detailed evidence that, in Defendants' view, could be used to defeat key elements of Plaintiffs' claims.  Shen Declaration ¶¶ 3-15.  Notably, Shen declares that GSX is "not a 'fraudulent' or 'fake' company," that the Company "investigated [short seller] allegations and determined they were meritless," and that "the Audit Committee of GSX's Board of Directors engaged third-party professional advisers to conduct an independent internal review into the short

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation, attached as Exhibit 1 to the Declaration of Austin P. Van in Support of the Motion (ECF No. 155-2).

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

sellers' key allegations" that "did not uncover evidence that would have a material impact on GSX's previously reported financial statements." Shen Declaration ¶¶ 3, 6, 13. Shen's declaration also provides a detailed refutation, in Defendants' view, of the key short-seller reports at issue in this case. Shen Declaration ¶¶ 6-13. Shen's declaration supports the adequacy of the Settlement because Defendants could argue that this evidence shows that Plaintiffs are unlikely to be able to prove that Defendants' statements were false or misleading or that Defendants made the alleged misstatements with scienter.

*Second*, the Murphy declaration is a sworn declaration by the mediator. Mr. Murphy is a neutral party with extensive experience in class action settlements like this one. His declaration states that the Settlement was reached by the Parties only after multiple mediation sessions over a period of months, and was negotiated at arm's length, carefully, deliberately, and in good faith to advance the best interests of their clients. Murphy Declaration ¶¶ 6, 9, 11, 14. Murphy also declares that the mediation was adversarial, that the parties contested every liability and damages issue germane to the case, and that the parties were advised by well-prepared, well-informed and zealous counsel. *Id.* at ¶ 15. Murphy states that the Settlement was reached following his making a mediator's proposal, accepted by both parties, that he believed reflected a "fair and reasonable" outcome. *Id.* at ¶ 12.

These evidentiary materials further support a finding that this settlement is fair, reasonable and adequate, and that the Court will be likely to grant final approval, under the standard set forth in *Hacker v. Elec. Last Mile Sols. Inc.*, 722 F. Supp. 3d 480, 488-91 (D.N.J. 2024). In *Electric Last Mile*, the Court emphasized that at the preliminary approval stage, "important factual assertions must generally be based on evidence, such as sworn affidavits, not just on statements in legal papers." *Id.* at 489. The Court then highlighted the sworn affidavits from defendants and

- 2 -

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

the claims administrator that had been submitted in that case and found that such evidence was sufficient to support preliminary approval. *Id.* at 491, 499-501. Here, the Parties likewise have now submitted sworn declarations from both a central Defendant (Shen Declaration) and the Claims Administrator (ECF No. 155-9, Segura Declaration). Movants have further supplemented their materials with a sworn declaration from the mediator who oversaw the settlement (Murphy Declaration). This evidence satisfies the standard required by this Court for granting preliminary approval. 722 F. Supp. 3d at 489.

Accordingly, Plaintiffs respectfully request that the Court preliminarily approve the proposed Settlement and enter a preliminary approval order substantially in the form filed with the Preliminary Approval Motion.

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Dated:  November 24, 2025

Respectfully submitted,

**POMERANTZ LLP**
<u>/s/ *Austin P. Van*</u>
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Lead Counsel for Lead Plaintiff Yang Renbin, and Additional Plaintiffs Corey Hays and Alexandre Tazi*

**THE ROSEN LAW FIRM, P.A**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone:  (973) 313-1887
Facsimile:  (973) 833-0399
Email:  lrosen@rosenlegal.com

Jing Chen
Jonathan Horne
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone:  (212) 686-1060
Facsimile:  (212) 202-3827
Email:  jchen@rosenlegal.com
Email: jhorne@rosenlegal.com

Junbo Hao
**HAO LAW FIRM**
**BEIJING HAO JUNBO LAW FIRM**
Room 3-401 No. 2 Building,
No. 1 Shuangliubei Street
100024  Beijing
People's Republic of China
Telephone:  +86 137-1805-2888
Email:  jhao@haolaw.cn

*Additional Counsel for Lead Plaintiff and Additional Plaintiff Robert Angeline*

- 4 -

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Austin P. Van*
Austin P. Van

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT