# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| YANG RENBIN, ROBERT ANGELINE, COREY HAYS, AND ALEXANDRE TAZI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> GSX TECHEDU INC., LARRY XIANGDONG CHEN, NAN SHEN, XIN FAN, YIMING HU, MING LIAO, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES, INC., BARCLAYS CAPITAL, INC., BOFA SECURITIES, INC., CLSA LIMITED, AND GOLDMAN SACHS (ASIA) L.L.C., <br><br> Defendants. | **Case No. 2:20-CV-04457 (MEF) (JRA)** |

**DECLARATION OF DAVID M. MURPHY OF PHILLIPS ADR IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, David M. Murphy, declare as follows:

1.      I submit this declaration in my capacity as the independent mediator in the above-captioned securities class action ("Action") in connection with the proposed settlement (the "Settlement") of all claims asserted in the Action. I make this declaration based on personal knowledge and am competent to so testify.

2.      I am a full-time professional mediator, arbitrator, and independent panelist with Phillips ADR, an alternative dispute resolution firm founded by Hon. Layn R. Phillips (Ret.). I joined Phillips ADR in 2017. In my work with Phillips ADR, I have served as a mediator, arbitrator, or independent monitor in several hundred commercial cases, including antitrust, patent, securities law, corporate governance, investment company, bankruptcy, environmental, contract, and tort cases. I regularly mediate federal class action securities law cases, shareholder derivative suits, as well as breach of fiduciary duty and corporate control cases.

3.      Prior to joining Phillips ADR, I was a partner in the law firm of Wachtell, Lipton, Rosen & Katz, where I practiced law for nearly three decades following federal judicial clerkships with Judge Ralph K. Winter, Jr., of the U. S. Court of Appeals for the Second Circuit, and Chief Judge Charles L. Brieant of the U. S. District Court for the Southern District of New York. While a partner with Wachtell Lipton, I litigated federal securities and antitrust cases, contests for corporate control, corporate governance disputes, contract, tort and high-stakes defamation cases. I conducted numerous U.S. investigations involving the financial sector as well as international investigations into potential violations of anti-money laundering, antitrust, and other US laws. I also negotiated numerous settlements involving complex financial and legal issues in cases involving both private and governmental entities.

1

4.      I was retained by the Parties in this Action to preside over the settlement discussions and negotiations between them.

5.      In connection with the mediation process, the Parties executed a written confidentiality agreement under which neither the Parties nor I am free to discuss any mediation-related communications and providing, among other things, that all such communications are to be considered settlement negotiations for the purpose of Rule 408 of the Federal Rules of Evidence and all applicable privileges and protections. By making this declaration, neither I nor the Parties waive in any way the provisions of the signed, written confidentiality agreement or the protections of Rule 408. That said, although I cannot discuss confidential mediation communications, the Parties have authorized me to inform the Court of the procedural matters set forth below to be used in support of the motion for preliminary approval of class action Settlement.

6.      On November 26, 2024, counsel for Lead Plaintiff and Defendants participated in an in-person mediation session before me at the New York office of Skadden, Arps, Slate, Meagher & Flom LLP. The participants included (i) attorneys from Lead Counsel Pomerantz LLP, (ii) attorneys from Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Defendants, and (iii) Shirley Hou (General Counsel) and Nan (Shannon) Shen (Chief Financial Officer), for Defendants, who joined remotely.

7.      In advance of this mediation session, and at my request, Lead Plaintiff and Defendants prepared and exchanged detailed mediation statements and supporting exhibits addressing liability and damages issues. During the mediation, counsel for Lead Plaintiff and Defendants both presented arguments regarding their clients' positions and responded to questions about the strengths and weaknesses of the case. The work that the respective Parties' put into the preparation of their mediation statements and competing presentations and arguments was

2

substantial. Both sides hired damages experts and debated the respective damages analyses during our discussions. The arguments and positions asserted by all involved were the product of substantial work and zealous, arm's-length advocacy, and reflected a thorough, in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this case, both with respect to liability and damages.

8.    The Parties were not able to reach any agreement during the initial mediation session.

9.    On April 3, 2025, counsel for Lead Plaintiff and Defendants participated in a second in-person mediation session before me at the New York office of Skadden, Arps, Slate, Meagher & Flom LLP. The participants included (i) attorneys from Lead Counsel Pomerantz LLP, (ii) attorneys from Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Defendants, and (iii) Shirley Hou (General Counsel) and Nan (Shannon) Shen (Chief Financial Officer), for Defendants, who joined remotely.

10.    In advance of this second mediation session, and at my request, Lead Plaintiff and Defendants prepared and exchanged supplemental mediation statements and supporting exhibits, which addressed challenges with discovery and Defendants' intention to renew their motion to dismiss.

11.    The Parties again were not able to reach any agreement during the second mediation session. Despite this lack of success, I continued my discussions with counsel for Lead Plaintiff and Defendants.

12.    Ultimately, I made a mediator's proposal to the Parties that the Action be resolved for $9,500,000—an amount that I believed, based on the evidence and submissions, the internal logic of the parties' arms-lengths, adversarial negotiations, and my independent professional

3

judgment, would reflect a "fair and reasonable" outcome after taking into account the strengths, weaknesses and risks of litigating the case to conclusion.

13.    On April 29, 2025, both Parties advised me that they had accepted the mediator's proposal, which led to the Settlement currently being considered by the Court for preliminary approval.

14.    Based on the materials provided by the Parties and my participation in the process, I became familiar with the factual and legal issues involved in the Action, including the allegations asserted by Lead Plaintiff and the defenses to liability and damages asserted by Defendants. I am also familiar with the process by which the Parties negotiated the Settlement, and I believe that the Settlement was reached by the Parties acting at arm's length, carefully, deliberately, and in good faith to advance the best interests of their clients.

15.    Although the motion for preliminary approval is solely for the Court to decide, I can attest that the mediation was adversarial, that the parties contested each and every liability and damages issue germane to the case, and that the parties were advised by well- prepared, well-informed and zealous counsel.

I declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed this 24 of November 2025.

/s/ David M. Murphy
DAVID M. MURPHY

4