## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANG RENBIN, ROBERT ANGELINE, COREY HAYS, AND ALEXANDRE TAZI, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>GSX TECHEDU INC., LARRY XIANGDONG CHEN, NAN SHEN, XIN FAN, YIMING HU, MING LIAO, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES, INC., BARCLAYS CAPITAL, INC., BOFA SECURITIES, INC., CLSA LIMITED, AND GOLDMAN SACHS (ASIA) L.L.C.,<br><br>    Defendants. | **Case No. 2:20-CV-04457 (MEF) (JRA)** |

## PLAINTIFFS' THIRD SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Lead Plaintiff Yang Renbin and Additional Plaintiffs Robert Angeline, Corey Hays, and Alexandre Tazi (collectively, "Plaintiffs"), individually and on behalf of all Settlement Class Members, respectfully submit this third supplemental brief in further support of their Unopposed Motion for Preliminary Approval of the Class Action Settlement, ECF No. 155 ("Preliminary Approval Motion"). This brief addresses the issues raised by the Court in its February 9, 2026 order, ECF No. 166 (the "Order").

*First*, the Order requested specific information about Chinese legal provisions concerning assistance in U.S. discovery, and the steps that have been taken to secure depositions of confidential witnesses:

> The supplemental materials at ECF [165] indicate that "[c]ertain provision of Chinese law may be interpreted to prohibit assisting parties in U.S. litigation without the express approval of the Supreme People's Court of the PRC." But no information is provided as to what those provisions are, or what the track record has been in seeking judicial approval of assistance. And it is not clear whether the alluded-to discovery difficulties would impact obtaining meaningful document discovery from GSX. In addition, the supplemental materials indicate that "[t]o date, no confidential witnesses have agreed to have their depositions taken." But no information is provided as to the steps counsel has taken to secure depositions and what the response has in fact been—and without such information, the assertion about the CWs is difficult to evaluate. (Given the extensive reliance on CW statements in the operative complaint, it is reasonable to presume that the Plaintiffs had meaningful contract, at some point, with the CWs—and perhaps, at some point, might have had expectations that they would be available via depositions.)

In response, Plaintiffs' supplement their Motion with the Second Supplemental Declaration of Austin Van in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Second Supplemental Van Declaration"), dated February 3, 2026, attached as **Exhibit 1**. The declaration provides Plaintiffs' counsel's understanding of the relevant provisions of Chinese law and their likely impact on discovery in this matter. This declaration also explains the steps Plaintiffs' counsel and their China-based investigators have taken to secure deposition

- 1 -

SECOND SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

and cooperation in discovery from the confidential witnesses, and the difficulties they have encountered.

*Second*, the Order requested that Plaintiffs revise the redlined materials and remove references to *Celgene*:

> Also, the redlined materials should be again reviewed; references to Celgene, for example, have no bearing here.

In response, Plaintiffs supplement their Motion with a revised version of the Proof of Claim (redlined version attached as **Exhibit 2** and clean version attached as **Exhibit 3**).  This revised version eliminates the references to Celgene.

These evidentiary materials further support a finding that this settlement is fair, reasonable and adequate, and that the Court will be likely to grant final approval, under the standard set forth in *Hacker v. Elec. Last Mile Sols. Inc.*, 722 F. Supp. 3d 480, 488-91 (D.N.J. 2024).  Accordingly, Plaintiffs respectfully request that the Court preliminarily approve the proposed Settlement and enter a preliminary approval order substantially in the form filed with the Preliminary Approval Motion.

SECOND SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Dated:  February 12, 2026

Respectfully submitted,

**POMERANTZ LLP**
*/s/ Austin P. Van*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Lead Counsel for Lead Plaintiff Yang Renbin, and Additional Plaintiffs Corey Hays and Alexandre Tazi*

**THE ROSEN LAW FIRM, P.A**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone:  (973) 313-1887
Facsimile:  (973) 833-0399
Email:  lrosen@rosenlegal.com

Jing Chen
Jonathan Horne
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone:  (212) 686-1060
Facsimile:  (212) 202-3827
Email:  jchen@rosenlegal.com
Email: jhorne@rosenlegal.com

Junbo Hao
**HAO LAW FIRM**
**BEIJING HAO JUNBO LAW FIRM**
Room 3-401 No. 2 Building,
No. 1 Shuangliubei Street
100024  Beijing
People's Republic of China
Telephone:  +86 137-1805-2888
Email:  jhao@haolaw.cn

*Additional Counsel for Lead Plaintiff and Additional Plaintiff Robert Angeline*

- 3 -

SECOND SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Austin P. Van*
Austin P. Van

- 4 -

SECOND SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT