# Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YANG RENBIN, ROBERT ANGELINE, COREY HAYS, AND ALEXANDRE TAZI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GSX TECHEDU INC., LARRY XIANGDONG CHEN, NAN SHEN, XIN FAN, YIMING HU, MING LIAO, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES, INC., BARCLAYS CAPITAL, INC., BOFA SECURITIES, INC., CLSA LIMITED, AND GOLDMAN SACHS (ASIA) L.L.C.,<br><br>Defendants. | Case No. 2:20-CV-04457 (MEF) (JRA) |

**SECOND SUPPLEMENTAL DECLARATION OF AUSTIN P. VAN IN SUPPORT OF LEAD PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Austin P. Van, declare as follows pursuant to 28 U.S.C. § 1746:

1.      I am a Partner at the firm of Pomerantz LLP, court appointed Lead Counsel for Lead Plaintiff Yang Renbin, Additional Plaintiffs Corey Hays and Alexandre Tazi (collectively, the "Plaintiffs") and the proposed Settlement Class in this action. I am duly admitted to practice law in the State of New Jersey and before this Court. I respectfully submit this declaration in support of Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). I have personal knowledge of the matters to which I am testifying in this declaration.

1

**I.    OBSTACLES TO DISCOVERY UNDER CHINESE LAW AND THE POTENTIAL IMPACT OF THOSE OBSTACLES ON THIS CASE**

2.    Chinese law makes the taking of depositions of Chinese citizens effectively impossible in China and extremely burdensome outside of China.  Certain provisions of Chinese law may be interpreted as prohibiting depositions of individuals in China without the express approval of the Supreme People's Court of the PRC.  For example, Article 294 (and its predecessor, Article 277, which is identical) of the Chinese Civil Procedure Law makes clear that no foreign individual shall investigate and collect evidence within mainland China without permission:

> Request for and to provide judicial assistance shall be made through channels prescribed by international treaties concluded or acceded to by the People's Republic of China; or in the absence of such a treaty, shall be made through diplomatic channels.

> A foreign embassy or consulate to the People's Republic of China may serve process on and investigate and collect evidence from its citizens but shall not violate the laws of the People's Republic of China and shall not take compulsory measures.

> Except for the circumstances in the preceding paragraph, no foreign authority or individual shall, without permission from the competent authorities of the People's Republic of China, serve process or conduct investigation and collection of evidence within the territory of the People's Republic of China.

*Glam and Glitz Nail Design, Inc. v. iGel Beauty, LLC*, 2022 WL 17078947, at *1 (C.D. Cal. Sept. 30, 2022) (quoting an English translation of Article 277).

3.    U.S. State Department guidance confirms that "China does **not** permit attorneys to take depositions in China for use in foreign courts." *Taking Voluntary Depositions of Willing Witnesses*, U.S. Dep't of State Bureau of Consular Affairs China Judicial Assistance Information (2019).[1] "China has indicated that taking depositions, whether voluntary or compelled, and

---

[1]    Available    at    https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (emphasis in original).

obtaining other evidence in China for use in foreign courts, as a general matter may only be accomplished through requests to its Central Authority under the Hague Evidence Convention," and "[p]articipation in such an activity could result in the arrest, detention or deportation of the American attorneys and other participants." *Id*.

4.      Courts interpreting Article 277 have consistently held that depositions may not be taken within the borders of the PRC without permission and have recently confirmed that this prohibition extends to remote depositions where the witness is testifying in the PRC. *See. e.g.*, *Glam and Glitz*, 2022 WL 17078947, at *4 (granting Defendants' request for a protective order precluding the taking of a Chinese national's deposition until Plaintiff could provide assurance that the witness could sit for a deposition outside mainland China); *Junjiang Ji v. Jling Inc.*, 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting the plaintiff's trial testimony remotely while he was located in the PRC violated Article 277, which exposed plaintiff and attorneys to legal sanctions).

5.      Given these requirements under Chinese law, numerous courts have found that while taking depositions is theoretically possible in the PRC under the Hague Convention, in reality permission for such depositions is highly unlikely to be obtained. *See, e.g.*, *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 498 (N.D. Ill. 2021) ("in more than 30 years under the Consular Convention and 13 years under the Hague Convention, China has granted permission for a deposition on only one occasion") (internal quotation and citation omitted); *Owen v. Elastos Found*, 343 F.R.D. 268, 288 (S.D.N.Y. Jan. 11, 2023) ("As for Elastos's Tencent servers, the only alternative discovery method suggested by defendants is the Hague Convention, which, as defendants must know, is not a viable alternative method of securing discovery in China") (internal quotation and citations omitted); *Jacobs v. Floorco Enters.*, 2020 WL 1290607 at *15 (W.D. Ky.

3

Mar. 18, 2020) ("Floorco has not pointed the Court to any authority suggesting that it is likely any request submitted by Jacobs to take Tu's deposition pursuant to the Hague Convention would be granted, nor was the Court able to find any reliable authority that suggested the same").

6.    Accordingly, the only depositions Plaintiffs may hope to take in this case are depositions taken outside of China of Defendants and current GSX employees.  Plaintiffs will not be able to compel any former employees of GSX who participated in the alleged fraud to be deposed, nor any of the third-party brushing firms central to this complaint.  Given that the events at issue took place seven years ago, and that GSX has since implemented massive layoffs due to its transition from an online education company to a test preparation company, many, if not all, key witnesses with personal knowledge of the alleged fraud may no longer be employed at GSX and so cannot be compelled to sit for a deposition.[2]

7.    Chinese law, including China's Data Security Law, likewise hinders document discovery from China and makes any document discovery extremely burdensome and slow.  Cases show that Chinese laws impose severe and detrimental delays in document production.  *See, e.g.*, *In re NIO, Inc. Sec. Litig.*, 19-cv-1424 (NGG) (JRC), (E.D.N.Y. Sept. 18, 2023), Status Report (ECF No. 130) (defendants produced 68 documents in a litigation going on for four years and document production was delayed because of efforts to ensure compliance with China's Data Security Law); *In re NIO, Inc. Sec. Litig.*, 19-cv-1424 (NGG) (JRC), (E.D.N.Y. Oct. 22, 2025), Scheduling Order (ordering PRC counsel hired by U.S. lead counsel to review documents withheld

---

[2] Moreover, any depositions that did take place would involve challenging coordination of schedules and international travel among all parties.  *See e.g.*, *Brown v. China Integrated Energy, Inc.*, 2014 WL 12577129, at *2 (C.D. Cal. Oct. 1, 2014) (after considering two motions to compel depositions of corporate personnel residing in China, ordering parties to confer and coordinate depositions "such that all four of these depositions occur during the course of a single trip to Hong Kong").

4

under PRC blocking statutes to determine whether they could be produced and in the interim, no U.S. based counsel could review the documents or receive summaries pursuant to Chinese law).

8.    In short, Chinese law imposes significant hurdles on depositions and document discovery in this Action.  There is a real chance that Plaintiffs may not be able to prove their case because the witnesses with relevant knowledge no longer work at GSX and cannot be compelled to sit for a deposition.  Plaintiffs may have to spend years attempting to obtain even a small number of documents from China.  For these reasons and the others Plaintiffs have articulated in their Motion, Plaintiffs believe this Settlement, with a guarantee of recovery against a backdrop of protracted and costly further litigation with no guarantee of recovery, is an excellent result for Settlement Class Members.

## II.    PLAINTIFFS' COUNSEL'S EFFORTS TO DATE TO OBTAIN DEPOSITIONS FROM CONFIDENTIAL WITNESSES

9.    As of April 30, 2025, the date of the parties' agreement in principle to settle this matter, Plaintiffs' counsel's Chinese-speaking agents in China had contacted several of the confidential witnesses and asked them whether they would be willing to be deposed in this matter. All of the confidential witnesses who were contacted stated that they were unwilling to be deposed (inside or outside of China) or to participate further in this matter.  These confidential witnesses cited concerns about "career future," "private information protection," and "uncontrollable consequences" as reasons not to agree to be deposed.  Multiple confidential witnesses stated that participating further in the litigation would make them "uncomfortable."

10.    The unwillingness of confidential witnesses based in China to be deposed is wholly understandable given the legal provisions noted above, as well as the recent crackdown on entities assisting with U.S. litigation in China.  As noted previously, in 2023 and 2024, certain government entities in the PRC began conducting well-publicized raids even on well-known, reputable firms,

such as Bain & Company, the Mintz Group, and Capvision, that conduct ordinary due diligence and interviews with subject matter experts.  Authorities seized documents and even detained employees.  Such legal concerns may well deter all confidential witnesses in China from testifying

***

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.  Executed this 12th day of February 2026 at New York, New York.

*/s/ Austin P. Van*
Austin P. Van
