**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YANG RENBIN, ROBERT ANGELINE, COREY HAYS, and ALEXANDRE TAZI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GSX TECHEDU INC., LARRY XIANGDONG CHEN, NAN SHEN, XIN FAN, YIMING HU, MING LIAO, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES, INC., BARCLAYS CAPITAL, INC., BOFA SECURITIES, INC., CLSA LIMITED, and GOLDMAN SACHS (ASIA) L.L.C.,<br><br>Defendants. | **Case No. 2:20-CV-04457 (MEF) (JRA)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. DETERMINATION OF AUTHORIZED CLAIMS .......... 2

A. Valid and Properly-Documented Claims .......... 2

B. Deficient and Ineligible Claims .......... 3

III. FEES AND EXPENSES OF THE CLAIMS ADMINISTRATOR .......... 4

IV. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND .......... 5

V. CONCLUSION .......... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Broadcom Corp. Sec. Litig.*,
No. 01-CV-00275-MLR (C.D. Cal.) ........ 6

*In re Citigroup Inc. Sec. Litig.*,
199 F. Supp. 3d 845 (S.D.N.Y. 2016) ........ 6

*In re Conduent Inc. Sec. Litig.*,
No. 2:19-cv-08237 (D.N.J. Mar 08, 2019) ........ 6

*In re Livent Corp. Sec. Litig.*,
No. 190501229 (Pa. Com. Pl. 2021) ........ 6

**Other Authorities**

https://consumerfed.org/issues/investor-protection/ (last visited April 6, 2026) ........ 6

Lead Plaintiff Yang Renbin and Additional Plaintiffs Robert Angeline, Corey Hays, and Alexandre Tazi (collectively, "Plaintiffs"), individually and on behalf of all Settlement Class Members[1], respectfully submit this memorandum of law in support of their unopposed motion seeking a class distribution order: (a) approving the Claims Administrator's determinations concerning the acceptance and rejection of the Claims submitted; (b) directing payment of the Net Settlement Fund to Authorized Claimants with a 90-day period for cashing checks; and (c) approving a payment from the Settlement Fund to the Claims Administrator for the balance of its fees and expenses, along with incurred monthly fees and expenses during the interim period between submission of this motion and entry of a Class Distribution order.

## I. INTRODUCTION

On February 19, 2026, the Court entered the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement (ECF No. 169) (the "Preliminary Approval Order"). On June 16, 2026, the Court entered the Final Order and Judgment (ECF No. 181) ("Final Approval Order"). Lead Counsel has been advised by the court-appointed Class Action Claims Administrator, JND Legal Administration ("JND" or the "Claims Administrator"), that it has completed processing proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Declaration of Luiggy Segura in Support of Plaintiffs' Motion for Distribution of Class Action Settlement Funds (the "Segura Declaration") at ¶4. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. *See* Stipulation at ¶ 26. Thus, Lead Counsel requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants.

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated June 5, 2025 (the "Stipulation") (ECF No. 155-3).

## II. DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, and as set forth in the Notice, each Settlement Class Member that wished to be eligible to receive a distribution from the Net Settlement Fund was required to complete and submit a properly executed Claim Form postmarked or received by May 30, 2026, together with adequate supporting documentation for the transactions and holdings reported in the Claim Form. *See* Segura Declaration at ¶ 8.

The Claims Administrator continued processing claims received up to September 3, 2026. As a result of a very effective notice program, as of September 3, 2026, the Claims Administrator has received and fully processed 16,051 Claims. Segura Declaration at ¶ 8. The Claims Administrator received and reviewed all 16,051 Claims and has now finalized its determination of which claims are authorized and which are ineligible. *Id.* ¶ at 4.

### A. Valid and Properly-Documented Claims

All notices informed the Settlement Class that May 30, 2026 was the due date for filing Claims. As a result of the notice program (including mailings, press releases, and Settlement website portal) the Claims Administrator received 16,051 Claims in connection with the Settlement. *See* Segura Declaration at ¶ 8. Of the 16,051 Claims received through September 3, 2026, a total of 15,855 Claims were received or postmarked on or before the Court-approved Claim submission deadline of May 30, 2026, and the Claims Administrator determined that 4,643 of these Claims were eligible and are recommended for approval (the "Timely Eligible Claims"). *Id.* at ¶ 39, Exhibit C. The Timely Eligible Claims represent $410,055,335.60 of recognized losses pursuant to the Plan of Allocation. *Id.* A total of 196 Claims were received or postmarked after the Court-approved Claim submission deadline of May 30, 2026, but received on or before September 3, 2026, and the Claims Administrator determined that 38 of these Claims were otherwise eligible and recommended for approval (the "Late But Otherwise Eligible Claims"). *Id.*

at ¶ 40, Exhibit D. The total Recognized Claim amount for the Late But Otherwise Eligible Claims is $31,245,485.69. *Id.* The Claims Administrator has not rejected any Claim received through September 3, 2026 solely based on its late submission. The Court should accept all late but otherwise valid claims postmarked after May 30, 2026, but received before September 3, 2026, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *See id.* Plaintiffs respectfully request that the Court approve the 4,681 properly documented claims as listed in Exhibits C and D of the Segura Declaration.

### B. Deficient and Ineligible Claims

The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Segura Declaration at ¶ 4. JND identified approximately 147 deficient or ineligible paper and online claims, and 11,343 deficient or ineligible electronic claims ("E-Claims"). *Id.* at ¶¶ 20, 23. When paper or online claims were inadequately documented, JND sent claimants Deficiency Notices advising them of the nature of their inadequacy and providing them an opportunity to cure. Segura Declaration at ¶ 21; Exhibit A. When electronic claims were deficient or ineligible, JND sent claimants Deficiency Emails identifying the individual transactions and claims that were found to be deficient or ineligible. *Id.* at ¶ 23-25; Exhibit B.

After reviewing all 53,858 Claims received for this action, the Claims Administrator rejected 11,370 Claims for the following reasons:

| No. of Claims | Reason for Rejection |
|---|---|
| 10,242 | Claims Did Not Result in a Recognized Loss under the POA |
| 555 | Claims Did Not Fit the Definition of the Settlement Class |
| 19 | Claims Were Duplicate |
| 544 | Claims Had Uncured Deficiencies |

| | |
|---|---|
| 10 | Claims Were Withdrawn |

*See* Segura Declaration at ¶41, Exhibit E.

As part of the administration process, the Claims Administrator attempted to contact each Claimant with deficient or ineligible Claims to provide them with opportunities to cure the deficiencies identified in their Claims. *See id.* at ¶¶ 27-30. Claimants with deficient claims were advised that they had the right to contest the Claims Administrator's determination of deficiencies or ineligibility and that they could request that their dispute be submitted to the Court for review. *See id*. at ¶ 30. To date, none of the Claimants with deficient or ineligible Claims have requested that their dispute be submitted to the Court for review. *Id.*

## III. FEES AND EXPENSES OF THE CLAIMS ADMINISTRATOR

Lead Counsel have also reviewed the Claims Administrator's invoices and found them to be reasonable as they were within the expected range for a claims administrator's work administering a settlement. *See* Segura Declaration at ¶43, Exhibit F. The Claims Administrator's total fees and expenses for this matter through August 31, 2026, are $319,120.33 which includes brokerage firm and nominee expenses of $16,791.22 for their work related to this matter, charged to JND. *Id.* The Claims Administrator anticipates incurring monthly fees and expenses of up to approximately $10,000 until a Class Distribution Order is entered, and anticipates the work performed in conjunction with the initial distribution to be $33,376.00. *Id.* at ¶ 43. To date, JND has been reimbursed a total of $161,331.26. *Id.* Accordingly, there is an outstanding balance of $191,165.07, plus the anticipated monthly charges until the initial distribution is authorized. *Id.* If this estimate of fees and expenses to conduct the initial distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund. *Id.* Accordingly, Lead Counsel requests that the Court approve payment of such to the Claims Administrator.

## IV. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

The Claims Administrator carefully reviewed, analyzed, and processed the Claims. Authorized Claims required documentation and a recognized loss as calculated under the Plan of Allocation. The Segura Declaration discusses the Claims Administrator's review of the Claims and provides additional detail for the Court's consideration. Lead Counsel agree that the Authorized Claims should be paid from the Net Settlement as soon as possible.

As more fully described in the Segura Declaration at paragraph 44, the Claims Administrator will conduct an Initial Distribution to Authorized Claimants. Pursuant to the Plan of Allocation authorized by the Court's Final Judgment, "[n]o distribution will be made to Authorized Claimants who would otherwise receive a Distribution Amount of less than $10.00." ECF No. 165-6 at ¶16. Lead Counsel joins the Claims Administrator in its recommendation that all Initial Distribution checks for Authorized Claim bear the notation, "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS OF DISTRIBUTION" in order to encourage prompt cashing of checks. *See* Segura Declaration at ¶ 44(b). Implementing this process will save administrative costs and is necessary in order for Lead Counsel to calculate the amount of cash available for a possible redistribution within a reasonable time after the initial distribution. Consistent with the Court-approved Plan of Allocation, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, which efforts shall consist of the follow-up efforts described in the Segura Declaration, footnote 3, if there is any balance remaining in the Net Settlement Fund after at least six months after the Initial Distribution, the Claims Administrator shall, if feasible and economical, conduct a Second Distribution, pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting the Claims Administrator's fees and expenses, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns,

and any escrow fees, will be distributed in an equitable and economic fashion to Authorized Claimants in the Initial Distribution who cashed their distribution checks and that would receive at least $10.00 in the Second Distribution based on their *pro rata* share of the remaining funds. Segura Declaration at ¶44(d). The Claims Administer shall, if cost-effective, conduct additional distributions until it is determined that further re-distribution is not cost-effective. *Id.* If further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to a *cy pres* recipient. Plaintiffs nominate the "Consumer Federation of America," as the *cy pres* recipient in connection with the Settlement. The Consumer Federation of America ("CFA") is a non-profit, consumer advocacy organization established in 1968 to advance consumer interests through policy research, advocacy, and education before the judiciary, Congress, the White House, federal and state regulatory agencies, and state legislatures. *See generally* www.consumerfed.org. CFA's advocates for investor protection, including working to provide investor with "the information necessary to make informed choices" and "effective recourse when they are victims of wrongdoing. *See* https://consumerfed.org/issues/investor-protection/ (last visited April 6, 2026). CFA has been approved as a *cy pres* beneficiary in several securities cases, including *In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 854 (S.D.N.Y. 2016) (finding "the Consumer Federation of America" is "heavily involved with investor protection activities"), *In re Conduent Inc. Sec. Litig.*, No. 2:19-cv-08237 (D.N.J. Mar 08, 2019), *In re Livent Corp. Sec. Litig.*, No. 190501229 (Pa. Com. Pl. 2021), and *In re Broadcom Corp. Sec. Litig.*, No. 01-CV-00275-MLR (C.D. Cal.).

In order to facilitate the efficient distribution of the Net Settlement Fund, it is respectfully requested that the Court bar any further Proofs of Claim against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of

Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, it is respectfully requested that the class distribution order provide that no claim received on or after September 3, 2026 may be accepted for any reason whatsoever, and that no further adjustments to Claims received on or before September 3, 2026 may be made after September 3, 2026, except for good cause shown. *See* Segura Declaration at ¶ 44(f).

Additionally, to prevent further charges to the Settlement Class, Lead Counsel requests that the Court order that: one year after the Second Distribution or any subsequent final distribution, if either occur, or, if there is no Second Distribution, two years after the Initial Distribution, the Claims Administrator may destroy the paper copies of the Claim Forms and all supporting documentation, and one year after all funds have been distributed, may destroy electronic copies of the same.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order for Distribution of the Net Settlement Fund submitted herewith.

Dated: October 5, 2026

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Lead Counsel for Lead Plaintiff Yang Renbin, and Additional Plaintiffs Corey Hays and Alexandre Tazi*

**THE ROSEN LAW FIRM, P.A**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone: (973) 313-1887
Facsimile: (973) 833-0399
Email: lrosen@rosenlegal.com

Jing Chen
Jonathan Horne
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jchen@rosenlegal.com
Email: jhorne@rosenlegal.com

Junbo Hao
**HAO LAW FIRM**
**BEIJING HAO JUNBO LAW FIRM**
Room 3-401 No. 2 Building,
No. 1 Shuangliubei Street
100024 Beijing
People's Republic of China
Telephone: +86 137-1805-2888
Email: jhao@haolaw.cn

*Additional Counsel for Lead Plaintiff and Additional Plaintiff Robert Angeline*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Austin P. Van*
Austin P. Van